His Honor, 'CHARLES F. CLAIBORNE,
rendered the opinion and decree of the Court, as follows:
Plaintiff claims that the portion of ground within Maryland Avenue and Louisiana Boulevard, has been dedicated to public use and is public property under the administration of the plaintiff, and that Frank Zito has taken possession of the same and refuses to deliver possession thereof to plaintiff. Plaintiff prays for judgment recognizing said portion of ground to be public property and condemning the defendant to surrender the possession of it to plaintiff.
*466 There was judgment dismissing plaintiff’s suit and condemning plaintiff to pay defendant and the Hanson City Land Company $300 damages.
In due time plaintiff obtained the following order of appeal :
“It is ordered that a suspensive appeal be granted to plaintiff, Town of Kenner, * * * upon furnishing bond in the sum of fifty dollars conditioned as the law directs.”
Plaintiff furnished the bond required by the order of appeal.
Defendant and his warrantor moved to dismiss the appeal on the ground that the .bond is insufficient in amount, as it is not for an amount equal to one-half over and above the amount of damages allowed and does not include a devolutive appeal. The answer of the appellant to the motion to dismiss is that plaintiff is not required under the law to furnish any -bond.
The plaintiff was organized under Act 136 of 1898, p. 224, providing for the creation and government of municipal corporations throughout the State, etc.
Section 1 divides municipal corporations into three classes, viz: those having 5000 inhabitants or more are cities; those having less than 5000 and more than 1000 inhabitants are towns; and those having less than 1000 inhabitants are villages.
Section 19, p. 235, designates the officers of every municipality as mayor, aldermen or board of aldermen, etc. See also Sections 22, 23, 33, 34 and 36.
Act 173 of 1902, p. 327, provides that State, Parish, and Municipal Boards exercising public powers or administering public functions shall not be required to fur *467 nish any bond whether of appeal or otherwise in any judicial proceeding instituted either by or against said board.
Opinion and decree, May 8th, 1916.
Syllabus.
On The Merits.
1. The word “Park” appearing upon the recorded plat of a sub-division means' primarily a public and not a private .park to the same degree that the word street under like circumstances signifies a public thoroughfare and not a private way.
In the case of Martin vs. Board of Fire Commissioners of City of New Orleans, 132 La., 188 (191) the Supreme Court said:
‘ ‘ The first proposition for decision is that the act creating the Board of Fire 'Commissioners did not exempt it from giving bond for an appeal, that, as it did not give bond, the appeal should be dismissed. It is sufficient to state in regard to the appeal bond that under Act 1731 of 1902, p. 327, all municipal boards or commissioners exercising public functions or performing administrative acts are exempt from furnishing bonds of appeal. The Board of Fire Commissioners of the City of New Orleans is a public functionary, and, therefore, exempt, and can appeal without giving bond.”
We entertain no doubt that the Mayor and Board of Aldermen administering the affairs of the Town of Kenner are public functionaries within the letter and spirit of the above statute and as such are not required to furnish any bond .of appeal in any judicial proceeding instituted by them.
The motion to dismiss the appeal is therefore denied.
2. In determining whether or not an intention to dedicate to the public is manifested by the owner of the property, the words, phrases and titles appearing upon a plat of a subdivision are to be considered as a whole and in their ordinary meaning and not in the latent, peculiar or special sense in which the owner says he employed them.
3. The acts of an owner in making and recording a plat of his property sub-dividing it into lots, squares and what are apparently public streets and parks and in thereafter selling the lots to the public on the basis of said plat, constitute in themselves an immediate and irrevocable'dedication of such streets and parks to the public, no act of acceptance of the dedication, formal or otherwise, by or on behalf of the public or municipality, being required.
4. An appellate Court cannot review the judgment as between co-appellees. , •