GEORGE W. LEWIS *v.* THE CITY OF NEW ORLEANS.

The principles of law settled in the case of *Stewart* v. *The City of New Orleans*, 9 An. 461, reaffirmed.

Under that authority, *held*, that the city was not liable in the present case for the nonfeasance or misfeasance of the officers of the police jail.

APPEAL from the Sixth District Court of New Orleans, *Cotton, J.*
    *Durant & Hornor*, for plaintiff and appellant. *J. Livingston*, for defendant.

VOORHIES, J. The plaintiff alleges in substance that on the 9th of January, 1855, he placed *Jesse*, a slave belonging to him, in the parish jail of the city of New Orleans for safe keeping and correction; that whilst imprisoned, he was under the care and charge of the officers employed by the defendant, who derived thereby a pecuniary profit by receiving a per diem compensation; that during his imprisonment, he was employed in doing sundry work and labor incident to the daily routine of such an establishment, in the course of which he was necessarily exposed to cold and wet, so that he took sick; that his sickness continued to increase for some weeks, until he became dangerously ill, and no care was taken of him; that the jailkeeper neglected and failed to notify the petitioner of the sickness of *Jesse* or to dispose of him as required by the city ordinances; that some three or four months after his slave was in jail, he heard by accident that he was very sick and required his immediate attention;

thereupon he forthwith proceeded to the jail and took him away—but being then so far overcome by his sickness he died a few days thereafter; and that the city is bound to repair the damage which he has thus sustained in consequence of the gross negligence of its agents in exposing his slave unnecessarily and in failing to take care of him whilst sick, or to give notice of his sickness.

The plea set up in the answer is, that there is no cause of action disclosed on the plaintiff's petition, the defendant not being liable for the illegal or malicious acts of any of its employees.

The plea was sustained and the plaintiff appealed.

We do not think the Judge erred. The power of the corporation to erect a police jail, to employ officers to superintend it, and to pass ordinances for its government, is in effect a power granted for public purposes, and not private advantage or profit, as contended for by the appellant. According to the principle announced in the case of *Stewart* v. *The City of New Orleans*, 9 An. 461, and which we consider conclusive upon the subject, the city cannot be made liable in the present case for the nonfeasance or misfeasance of the officers of the police jail.

It is, therefore, ordered, that the judgment of the court below be affirmed, with costs.

SPOFFORD, J., dissenting. This case went off without evidence, upon an exception that the petition disclosed no right of action. Its averments are therefore, in the present inquiry, to be taken as true.

These averments are, that the plaintiff entrusted his slave to the agent of the city, to be placed in the parish jail for safe keeping and correction; that the city derived a pecuniary profit therefrom in the daily compensation paid by the owner; that the agents of the city, in disregard of the laws and ordinances, unnecessarily exposed the slave; failed to take care of him while sick, to return him to his master, to send him to the hospital, or even to notify the master of his illness; and that he died in consequence of the gross negligence and want of care of the city's agents under these circumstances, to the damage of the petitioner in the sum of $1,500.

Is there any cause of action stated? According to the uniform jurisprudence of this State, up to the 9th Annual Reports, I think there is.

In *Chase* v. *Mayor et al.*, 9 La. 346, the city was released from a claim for the value of a slave sent to the calaboose, and who had runaway from the chain-gang, on the ground that the agents of the city forthwith gave notice to the master's agent of his escape.

In *Houston* v. *The Police Jury of St. Martin*, 3 An. 566, the proprietor of a showboat descending the river Têche, in the parish of St. Martin, had been detained and caused to lose time by the neglect of the person employed to open a draw in a drawbridge which obstructed the navigation of the river. The court said: "From an examination of the evidence we have come to the conclusion that there was neglect on the part of those for whose acts the parish is responsible, and that the parish is bound to repair the damage caused thereby." The proprietor of the boat had a judgment against the parish.

In *McGary* v. *The City of Lafayette*, 4 An. 440, the Supreme Court rendered a judgment in damages against the city beyond the actual injury suffered by the plaintiff, "for the violent and illegal proceedings of the officers of the corporation."

LEWIS
*v*
NEW ORLEANS.

The case of *Johnson* v. *Municipality No.* 1, 5 An. 100, was entirely analogous to the case stated in the present plaintiff's petition. The owner of a slave who had died from neglect of the keeper of a prison where he was confined, had judgment against the municipality for his value. The court unanimously adopted the opinion of the District Judge, which commences with the proposition that "the liability of municipal corporations for the acts of their agents, is, as a general rule, too well settled at this day to be seriously questioned."

In 5 An. 504, *McLauglin* recovered judgment against the Municipality No. 2, for damage occasioned by loss of rents in consequence of the commissioners of that municipality having warned him to stop building under certain proceedings which had been commenced for opening a street, but which was afterwards discontinued.

In *Walling* v. *Mayor, &c. of Shreveport*, the incorporated town had pleaded an exception that it was not responsible in damages for a trespass done by its officers and agents in laying out a street. The exceptions were overruled, the court observing: "the case, as the record presents it, is that of a corporation exercising through its officers, in an unskillful and improper manner, powers avowedly vested in the said corporation by its charter. It does not differ in principle from that of *McGary* v. *The City of Lafayette*, in which the plaintiff recovered large damages from the city of Lafayette because the agents of the corporation had executed in an improper manner the corporate power delegated to them.

"We understand the exception pleaded by the defendants to be applicable only to cases in which officers or agents of corporations do acts injurious to others in the pursuit or accomplishment of objects not within the scope of the powers of the corporation. The distinction appears to us clearly stated in the case of *Anthony* v. *The Inhabitants of Adams*, 1 Metcalf, 286."

It is contended, that this series of decisions was overruled by the judgment in *Stewart* v. *City of New Orleans*, 9 An. 461, in an opinion which made no allusion to either of them. It is not necessary to question the correctness of the decree in the case of *Stewart*. There was judgment for the defendant upon a claim by the owner against the city, for the value of a slave of his who had been killed by a detachment of police officers. But the reasons assigned for the decree, whether right or wrong, are not binding on this court as a precedent, because they were not the opinion of a majority of the court, but of two Judges only ; two Judges dissented altogether, and the third only concurred in the conclusion that the municipal government was not liable in that particular case, without assenting to the doctrine of the opinion.

Without at present going into the grounds of the opinion pronounced by two Judges in the *Stewart* case, founded mainly upon the opinion of a court not of the last resort in the State of New York, I deem it sufficient to say, that the plaintiff in this case has, in my judgment, stated a legal cause of action against the city, under the authority of the .cases hitherto adjudged in Louisiana.

I think the exception should be overruled, and the cause remanded for a trial upon the merits.

Justice BUCHANAN took no part in the decision of this case.