## B. T. K. BENNETT v. CITY OF NEW ORLEANS.

A municipal corporation is not liable for damage done to private property, unless the act which caused the damage was done without the authority of law, or being authorized by law, was improperly or wantonly executed.

Where a municipal corporation was sued for an act of omission or nonfeasance, in not repairing a draining machine erected for public utility, by which neglect plaintiff's premises were overflowed, and his property damaged—*Held*: That as the act complained of involved the disbursement of the corporate revenues, it was a matter of discretion with the corporate authorities, and that if plaintiff was damaged, it was *damnum absque injuria*, and he was consequently without sufficient cause of action.

*Held*, also: That a corporation in such a case may avail itself of this exemption from suit, under the plea of the general issue.

APPEAL from the Fourth District Court of New Orleans, *Price, J.*

*Mott & Fraser*, for plaintiff. *J. J. Michel*, for defendant and appellant.

LAND, J. The defendant is sued for an act of omission, or non-feasance, in not causing a certain draining-machine, erected for public utility, to be repaired and kept in operation ; in consequence of which neglect plaintiff alleges that his premises, on which he had an iron foundry and machine-shop, were overflowed, his business suspended, and his property damaged to the amount of eight thousand dollars.

The answer is a general denial, which puts at issue the law as well as the facts of the plaintiff's case.

Admitting the non-feasance of defendant, and damage to plaintiff resulting therefrom, the question presents itself : do these facts give plaintiff a right of action against defendant, a municipal corporation vested with a portion of the powers of government, for the recovery of the damage sustained ?

It seems to be a well settled principle in respect to the jurisdiction of courts, that the sovereign cannot be sued without his consent, and that the principle is applicable to all governments, whatever may be their form. Jurisdiction implies superiority, and the supreme power in a state can have no superior.

This exemption from liability on the part of government, has been extended to municipal corporations, vested with, and exercising portions of the sovereign power, for the reason that such corporations are considered the representatives of the government, and that their exemption from suit is necessary to make the prerogative available to the government itself. *O'Conner* v. *City of Pittsburg*, 18 Penn. R., 187 ; *Stewart* v. *City of New Orleans*, 9 An., 462.

The exemption, however, has been strictly construed, in regard to municipal corporations, and they have been held liable, for damage to property, whenever *the act authorized by them, was not warranted by the powers vested in them by their charter, was contrary to law*, or *was improperly, wantonly* and *maliciously done*. *McGarey* v. *City of Lafayette*, 4 An., 440. *Walling* v. *Mayor and*

BENNETT
v.
NEW ORLEANS.

*Trustees of Shreveport*, 5 An. 660; *Wilde* v. *City of New Orleans*, 12 An., 15. It is held, that where the act done was clearly within the scope of their powers, and was properly executed, they are not liable for damage to private property. *Reynolds* v. *Mayor and Trustees of Shreveport*, 13 An., 426.

Hence it results, that a municipal corporation is not liable for damage to private property, *unless the act complained of was without the authority of, or against law, or was improperly or wantonly executed.* Such being the rule in regard to acts of commission, it applies with much greater force to acts of omission or nonfeasance, within the discretion of the corporate authorities, and involving, as in this case, an expenditure of the corporate funds. We are therefore of opinion, that the plaintiff is without a cause of action against the defendant.

The exercise of powers involving disbursements of the corporate revenues is a matter of discretion with corporate authorities, unless otherwise expressly commanded by legislative will.

If the plaintiff has been damaged, it is *damnum absque injuria.*

That municipal corporations may be sued in all matters of contract, and in cases of tort, as well as in those expressly authorised by statute, is not questioned. The exemption from suit, or non-liability for damage to private property extends to those cases in which the damage results from, or is consequent on the exercise or non-exercise of power vested in the corporation, and the power itself is legally and properly exercised, or its non-exercise is a matter of discretion. The corporation may avail itself of this exemption from suit, on the plea of the general issue, as was done in this case. *Stewart* v. *City of New Orleans*, 9 An. 463; *Reynolds* v. *Shreveport*, 13 An. 427.

It is, therefore, ordered, adjudged and decreed, that the judgment be avoided and reversed, and that there be judgment for defendant, with costs in both courts.