State vs. Viator et als.

## No. 1251.

THE STATE OF LOUISIANA VS. THEOGENE VIATOR ET ALS.

The revenue laws require of tax collectors the performance of certain acts as conditions precedent to the allowance of deduction-lists as credits in their favour. They must have verified these lists with an oath that they had exhausted all legal means for the collection of the sums upon them, and must have deposited them in the Recorder's office on or by the first of November of each year.

Unless they comply with these requirements they are not legally entitled to be credited with the amount of these deduction-lists.

APPEAL from the Twenty-first District Court, Parish of Iberia. Gates, J.

*C. H. Mouton*, District Attorney, for Plaintiff and Appellee.

*Breaux & Renoudet*, *E. Simon* and *L. O. Hacker* for Defendants and Appellants.

The opinion of the Court was delivered by

MANNING, J. This suit is upon Viator's bond as tax-collector of Iberia. Judgment is claimed for $9,728.23 with five per centum interest a month, and was rendered for $5,642.28 with five per centum a month interest upon $4,279.93 from January 24, 1884, and like interest upon $402.35 from May 16, 1884, and upon $960 from February 5, 1885.

Viator was elected sheriff in 1879 and entered upon his duties as tax-collector in the spring of 1880. The defalcation charged is for the years 1880–3, both inclusive.

The defendant was permitted to offer in evidence without objection from the State the delinquent-list or deduction-list of 1883 and was allowed a credit of $1,040.95 therefor. He was further allowed a credit of $3,045 for unissued licenses or licenses returned. These two credits reduce the sum claimed to that for which judgment was rendered.

The defence is that the deduction-lists for each of the four years, which contain the sums that Viator could not collect, equal the balances charged on the Auditor's books against him and wipe out the apparent defalcation, and that he ought to be allowed these credits. These lists are alleged to contain sums assessed against persons not living in that parish on personal property such as railroad-bonds, and against insolvents—double assessments etc., none of which were collectible.

They were offered in evidence and rejected, except the list for 1883, and bills having been reserved present the sole question for our determination. The State withdrew her objection to the list for 1883 because it had been delivered to Viator's successor who is collecting the sums thereon entered as not collectible. The other lists were not admitted

in evidence because the collector had not done what the law imposes upon him as a duty in order to entitle him to be credited with these lists.

The revenue Acts require of tax-collectors, as conditions precedent and essential to the allowance of deduction-lists as credits, that they shall have sworn to and deposited them in the Recorder's office on November 1st of each year, and that they shall immediately proceed to sell the property assessed. The oath must state specifically that the collector had exhausted all means given him by law for the collection of these lists or the taxes upon them.

The oath upon these several lists was not taken until April 7, 1884, and is merely that the taxes thereon have not been collected. The lists were not deposited in the Recorder's office nor was any act done by the collector touching these lists until April 1884 after the expiration of the last year for the taxes of which this suit is brought. Obviously if any portion of these lists was collectible and cannot now be collected, the fault is with the officer.

The revenue-laws hold the tax-collector to a very rigid accountability and on the other hand give him exceptional facilities for collecting. They are *sui generis* and are not to be assimilated to those on any other subject. He is charged with the amount of the assessment-roll, and the transcript from the Auditor's books of the State's account with him is *prima facie* proof of its correctness. He is presumed to have collected or to have been able to collect the whole roll, and if there are any sums on it he has not been able to collect after due efforts, he has only to make out a list of them, swear to it in the terms prescribed and deposit it with the Recorder by a given time, and he will receive credit for the amount of it. As he is *ipso facto* a defaulter if he does not settle with the State on or before the day he is required to settle, so he is deprived of the credits of deduction-lists if he has not prepared, authenticated, and deposited them at the time he is directed to do these acts. Pol. Jury Vermilion v. Brookshier, 31 Ann. 736.

And the law compelling him so to do is not onerous nor unjust. He knows or ought to know before November of each year what items on his tax-roll are not collectible. He ought before that date to have proceeded to collect them and have exhausted all legal means to that end. The preparation of the list is mere clerical work and t e office in which he has to deposit it is under the same roof with his own. If he neglects or omits to comply with these simple provisions of law for his protection, whom can he blame but himself?

If he be equitably entitled to relief in this or similar case, the legislature alone can grant it.

Judgment affirmed.