No. 9203.
Orleans Appeal.

MICHAEL HOWARD, Appellant, v. CITY OF NEW ORLEANS.

(March 16, 1925, Opinion and Decree.)
(March 30, 1925, Rehearing Refused.)
(April 27, 1925, Decree Supreme Court Writ of Certiorari and Review Granted.)
(July 29, 1925, Decree Supreme Court. 105 Sou., Adv. Rep. No. 6, p. 433.)

(Syllabus by the Court.)

1. Louisiana Digest—Municipalities—Par. 47, 244, 251.
The test of liability of the City of New Orleans for the offenses and quasi-offenses of its employees and agents is determined by the nature of the employment. If the employee was acting as an agent of the City in the discharge of its public governmental functions as a branch of the State, then no liability attaches; but if the employee was employed by the City for the exercise of a corporate municipal function for private purposes for the benefit of the City and its inhabitants, then the City is liable to the same extent as a private corporation.

2. Louisiana Digest—Municipalities—Par. 47, 244, 251.
An elevator-tender in the Criminal District Court for the Parish of Orleans exercises a public governmental function. Therefore, for his offenses and quasi-offenses the city is not liable.
(Civil Code, Art. 2315. Editor's note.)

Appeal from Civil District Court, Hon. Percy Saint, Judge.

This is a damage suit for physical injuries. The defendant filed an exception of no cause of action on the ground that the City was not liable for the negligence of the elevator tender. The exception was maintained and plaintiff's suit was dismissed. The plaintiff appealed.

Judgment affirmed.

Henry B. Robinson, attorney for plaintiff and appellant.

Rene A. Viosca, attorney for defendant and appellee.

CLAIBORNE, J. This is a damage suit for physical injuries.

The plaintiff represents that he was a plumber's helper earning $12 a week; that he was employed by the J. A. Reynolds Company under contract with the City of New Orleans to repair the Criminal Court Building owned and operated by the City of New Orleans; that his occupation caused him to go into the pit under the elevator shaft, to the knowledge of the tender thereof; that while in said pit the elevator tender lowered the car to the bottom of the pit, thus crushing and mangling petitioner in such a manner as to cause him great pain, and inflicting upon him permanent injuries rendering him totally and permanently incapacitated for further work. For all of which he claims $50,000 damages.

The defendant filed an exception of no cause of action on the ground that the City was not liable for the negligence of the elevator tender.

The exception was maintained and plaintiff's suit was dismissed.

The plaintiff has appealed.

The test of liability of the City of New Orleans for the offenses and quasi-offenses of its employees and agents is determined by the nature of the employment. If the employee was acting as an agent of the City in the discharge of its public governmental functions as a branch of the State, then no liability attaches; but if the employee was employed by the City for the exercise of a corporate municipal function for private purposes for the benefit of the City and its inhabitants, then the City is liable to the same extent as a private corporation. Stewart vs. City of New Orleans 9 La. Ann. 461; Bennett vs. City of New Orleans, 14 La. Ann. 120; New Orleans, M. & C. R. Co. vs. City of New Orleans, 26 La. Ann. 478 (481); City of New Orleans vs. Kerr, 50 La. Ann. 413, 23 South. 384; Fischer Land & Improvement Co. vs. Bordelon, 52 La. Ann. 433, 27 South. 59; Bankins vs. Police Jury of Calcasieu Parish, 116 La. 641, 40 South. 925; Davis vs. New Orleans Public Belt R. R., 155 La. Ann. 504, 99 South. 419; Barrett Mfg. Co. vs. Board of Commissioners, 133 La. 1022, 63 South. 505; State vs. Jahraus, 117 La. 289, 41 South. 575; Sherman vs. Parish of Vermilion, 51 La. Ann. 883, 25 South. 538; Compagne Francaise de Navigation vs. State Bd. Health, 51 La. Ann. 645, 25 South. 591.

Thus in Jones vs. City, 143 La. 1074, the court found that in operating the Public Belt Railroad the City was exercising a governmental function as agent and therefore was not liable for the killing of plaintiff's husband by a policeman.

But in Davis vs. New Orleans Public Belt R. R., 155 La. 504, 99 South. 419, the court said that so much of the opinion in the Jones case as stated that the Belt Railroad was a governmental agency was obiter and not necessary for the decision of the case.

It then concluded "that the City of New Orleans in operating the Public Belt Railroad is exercising a municipal or corporate function for private gain and not a governmental 'agency', and hence the railroad was subject to suit for damages for the killing of plaintiff's son by its train at a street crossing".

In the leading case of Stewart vs. City, 9 La. Ann. 461, where a policeman killed a slave, the court said:

"The inquiry which is next presented is, whether the powers under which the officers of the municipality acted, were conferred for public purposes? If so, it follows that the City is not liable for the acts of their officers, even though illegal, or of such a character as to subject the officers themselves to liability. * * * Under these sanctions, watchmen are appointed as a necessary branch of the police of the City. Their duties are the preservation of public order and tranquility, and the City, in appointing them, exercised a governmental function, conferred upon it, in its public or municipal character, for public purposes, exclusively, and is not therefore liable for the acts of its officers." Affirmed in Joliff vs. City, 144 La. 62, 80 South. 200; Lewis vs. City, 12 La. Ann. 190; Hall vs. City, 157 La. 589, 102 South. 680.

In City vs. Kerr, 50 La. Ann. 413, 23 South. 384, the court said on p. 417:

"The powers and obligations of municipal corporations, like the City of New Orleans, are two-fold in character; those that are of a public nature and those that are of a private nature. This court, by repeated decisions, has recognized this distinction. Egerton vs. Third Municipality of New Orleans, 1 La. Ann. 437; Stewart vs. City of New Orleans, 9 La. Ann. 461; Lewis vs. City of New Orleans, 12 La.

Ann. 190; Mrs. Lucy Ann Howe vs. City of New Orleans, 12 La. Ann. 482; Bennett vs. City of New Orleans, 14 La. Ann. 120; New Orleans M. &. C. R. Co. vs. City of New Orleans, 26 La. Ann. 478. As to the first, or, public character of its powers and obligations, the municipal corporation represents the State discharging duties incumbent on the State. As to the second, or private character of its powers and obligations, the municipal corporation represents the pecuniary and proprietary interests of individuals. As to the first, where a municipal corporation acts as the agent of the State, it becomes the representative of sovereignty and is not answerable for the non-feasance or malfeasance of its public agents. As to the second the rules which govern the responsibility of individuals are properly applicable." Quoting numerous authorities.

It is questionable whether Article C. C. 2315 applies to municipal corporations. State vs. Mayor, Etc., of City of New Orleans, 32 La. Ann. 716.

It has been decided that the registry laws contained in the Civil Code do not apply to the State in the collection of its taxes. The State of Louisiana vs. Theogene Viator, 37 La. Ann. 735; Reed vs. His Creditors, 39 La. Ann. 121, 1 South. 784; Lisso & Bro. vs. Police Jury, 127 La. 283, 53 South. 566.

In Lewis vs. City, 12 La. Ann. 190, the court decided that the city was not liable for the negligence of the keepers of the jail in consequence of which a slave died. Affirming Stewart vs. City.

The question then arises, did the City in appointing an elevator tender, exercise a governmental function or a private corporate act?

The Criminal District Court for the Parish of Orleans is part of the judiciary of the State and as such one of the branches of government. In providing a courthouse and buildings in which the court shall exercise its jurisdiction and in making provision for the management of the building the city appoints employees of different kinds, among them, elevator tenders. In making these appointments the City exercises a governmental function in the interest of the public, and not a mere corporate act for its own benefit or advantage and that of its inhabitants alone. It is therefore not liable for the offenses or quasi-offenses of elevator tenders, any more than it is for the acts of its police officers. It has been so held in other jurisdictions. 122 S. W. 860, 53 N. W. 763, 18 L. R. A. 151, 82 N. E. 1119, 17 L. R. A. (N. S.) 741, 13 Ann. Cas. 759, 86 N. E. 1128, 101 N. Y. Supp. 996, 57 Arl. 356, 65 L. R. A. 214, 103 Fed. 597.