TRUMATA v. BOARD OF LEVEE COMMISSIONERS OF THE ORLEANS LEVEE DISTRICT

---

(March 29, 1926, Opinion and Decree)

---

(Syllabus by the Court.)

1. Louisiana Digest—Levees—Par. 13, 14; Parishes—Par. 47.

The Board of Levee Commissioners of the Orleans Levee District is a public agency engaged in the exercise of public and governmental functions and it is not subject to suit by private individuals for damages alleged to have been sustained by the negligence or fault of its employees.

Appeal from Civil District Court, Division "D", Hon. Percy Saint, Judge.

Action by Sam Trumata against Board of Levee Commissioners of the Orleans Levee District. There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Paul W. Maloney, of New Orleans, attorney for plaintiff, appellant.

Arthur McGuirk, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J.    This is an action ex delicto based upon the following allegations:

"That petitioner conducted a farm near what is known as Bridger No. 2 and the defendant stopped a drain which ran through this property and instead of providing sufficient drainage in lieu of the same, dug a small ditch which had the effect of overflowing the land from the rainfall on April 24 and 25, 1922, and damaged the crops on the land." The amount of damages claimed is $1615.00.

The defendant board filed an exception of no cause of action which was maintained and plaintiff has appealed.

The defendant is an important agency of the State exercising public functions and expending public funds in the manner designated and under the authority given by the legislature. It has no other purpose and no other form of activity. It is clearly a governmental agency. It cannot be held liable for the tortious or the illegal actions of its officers under the long established jurisprudence of this state.

In Stewart vs. City, 9 La. Ann. 461, it was said:

"The inquiry which is next presented is whether the powers under which the officers of the municipality acted were conferred for public purposes? If so, it follows that the city is not liable for the acts of their officers, even though illegal or of such a character as to subject the officers themselves to liability." Affirmed in Joliff vs. City, 144 La. 62, 80 South. 200.

See also Howard vs. City, 1 La. App. 780, where this court held that an elevator tender in the Criminal District Court building exercises a public governmental function as an agent of the city.

Now is there any merit in the argument that plaintiff has a cause of action under Art. XVI, Sec. 6, of the Constitution of 1921, reading as follows:

"Lands and improvements thereon hereafter actually used or destroyed for levees or levee drainage purposes shall be paid for at a price not to exceed the assessed value for the preceding year."

To begin with this is not a suit for the value of land used for levee purposes in any sense of the word. It is a suit for the value of a crop destroyed by the alleged improper actions of the defendant's employees. Or as counsel puts it:

"The plaintiff is a poor farmer, who had a crop planted and in process of cultivation and which was protected by a series of ditches or drains against rainfall. The Levee Board, with a view of making larger drains, stopped up the other drains without making proper provision for rain, and, in consequence, the rain water overflowed the land and the crops were ruined."

The case is squarely within the rule which protects governmental agencies from suit by private individuals for damages due to the negligence or fault of their employees.

The judgment appealed from must be and it is affirmed.