## McGEEHAN v. BOARD OF LEVEE COMMISSIONERS

(March 28, 1927. Opinion and Decree.)
(April 12, 1927. Rehearing Refused.)
(February 3, 1928. Reversed by Supreme Court on Writ of Certiorari and Review.)

(*Syllabus by the Court*)

1. **Louisiana Digest—Levees—Par. 13, 14; Parishes—Par. 47.**
The Board of Commissioners of the Orleans Levee District is not responsible to individuals for damages due to offenses and quasi offenses committed by its officers, agents or employees.

2. **Louisiana Digest—Action—Par. 20.**
There is no difference between an action for damages, due to the removal of dirt from plaintiff's land, and an action for the value of the dirt removed. Both actions are sounding in damages ex delicto.

Appeal from Civil District Court, Divisions "C" and "F". Hon. Percy Saint, Judge.

Action by William J. McGeehan and Grace Mary McGeehan against Board of Levee Commissioners of the Orleans District.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

Dart & Dart, of New Orleans, attorneys for plaintiff, appellee.

Arthur McGuirk, Benjamin T. Waldo, E. P. Deutsch, of New Orleans, attorneys for defendant, appellant.

### OPINION

WESTERFIELD, J. These suits are brought against the Board of Levee Commissioners of the Orleans Levee District, or, as it is more familiarly known, "The Levee Board", upon similar allegations, of which the following, in the case of Grace Mary McGeehan, are typical.

That plaintiff owned certain real property situated in the Seventh District of this city; that during the month of May, 1922, "defendant, through its agents, servants, employees and contractors, did enter upon petitioner's property aforesaid and excavated and removed therefrom in excess of three hundred and eleven cart loads of dirt, which defendant appropriated to its own use, without petitioner's consent, and without compensating petitioner therefor"; that defendant refused to restore the land of petitioner to its former condition or to pay to petitioner the value of the dirt removed notwithstanding numerous verbal and written demands; that petitioner shows that "she has been damaged by the defendant in the sum of $466.50, being the value of the earth taken from petitioner's premises"; that suit was filed on the 19th of March, 1923, and on the 25th day of May, 1923, an involuntary non-suit was rendered by the Civil District Court.

A number of defenses were urged in the lower court, but here the defense is twofold, the prescription of one year, and an exception of no cause of action filed in this court.

As to the plea of prescription, it is not sound, for the present suits were filed within one year, if allowance for the interruption of prescription by judicial proceedings is made, as, of course, must be done.

The exception of no cause of action is based upon the principle that a public board such as the Levee Board can not be held liable for the tortious acts of its employees. Turmata vs. Board, etc., 3 La. App. 785.

Plaintiff does not question the principle of law involved, but she contends that the basis of this action is in contract, not in tort, not ex delicto, but quasi ex contractu. It is argued that actions take their character from the form given them in plaintiff's petition. 12 Am. 358; 145 La. 159; 150 La. 558; 152 La. 419. In this case it is contended that it is the value of the land taken by the servants of the defendant which is demanded upon a quasi contract arising from the taking of the dirt for levee purposes which it is claimed was a lawful purpose creating an obligation to pay for it.

In the words of counsel taken from his brief:

"On the question of the exception of no cause of action we will not burden the court with the academic discussion of whether or not the action is one of trespass 'de bonis asportatis', or any other kind of trespass. We are not suing for *damages* caused by the entry upon the land. Had we alleged that the property had been damaged as, for instance, by disfiguring the landscape, or by destruction of growing crops, etc., the action would probably have been ex delicto, and the defendant board not liable.

"However, we are not doing this. We are suing for the value of property actually taken by the Levee Board; property, namely, earth or dirt, which has an ascertainable market value.

"Section two of Article one of the Constitution provides: 'No person shall be deprived of life, liberty or property except by due process of law.' Except as otherwise provided in this constitution, private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid.'

"Section six of Article sixteen of the constitution provides: 'Lands and improvements thereon hereafter actually used or destroyed for levees or levee drainage purposes shall be paid for at a price not to exceed the assessed value for the preceding year; provided this shall not apply to batture, nor to property the control of which is vested in the state or any subdivision thereof for the purpose of commerce.'"

In Millspaugh vs. City, 20 La. Ann. 323, it was held that the action of the city of New Orleans in appropriating cobble stones and using them to repair city streets was an offense and the action to recover the value of the stones, ex delicto and prescribed by one year. See also 20 Ann. 151.

In DeLizardi vs. N. O. Canal & Banking Co., 25 La. Ann. 414, it was held that: "Where a plantation belonging to one person is seized and detained under a writ of attachment issued against another, such seizure and detention constitute a quasi offense and that the claim for damages, which is barred by the prescription of one year, includes that for all rents and revenues save those arising during the year immediately preceding the filing of the suit, holding also that it included the claim of the plaintiff for the value of the sugar and molasses that had been seized with the plantation."

Quoted from Shields vs. Whitlock, 110 La. 718, 34 So. 747, where the LeLizardi case is discussed.

In the Shields case (supra) we find the following:

"Finally it was suggested in the oral argument (and there seemed to be much force in the suggestion) that there ought to be a difference between the application of the prescription relied on as between the claim for damages resulting from the trespass and the claim for the value of the property belonging to the plaintiff which the defendants have appropriated to their own use. We feel very much inclined to the view that there ought to be such a difference, but it does not seem to be recognized by the law or the jurisprudence of this state." See also J. H. Bel Lumber Co. vs. Stout, 134 La. 999, 64 So. 881.

Plaintiff's action, we conclude, is one sounding in damages ex delicto and consequently is within the scope of the principle, which denies a right of action against public boards or other governmental functionaries for offenses of their servants and employees.

The judgments appealed from are reversed and it is now ordered that there be judgment in both cases dismissing plaintiff's demand.