No. 3000

Second Circuit

---

RED RIVER CONSTRUCTION CO. v. PIERCE PET. CORP.

---

(June 28, 1927. Opinion and Decree.)
(July 25, 1927. Rehearing Refused.)

*(Syllabus by the Editor.)*

1. Louisiana Digest—Roads, Bridges and Ferries—Par. 12, 13; Bonds—Par. 8.

The bond authorized by Act 224 of 1918 for the faithful performance of work done by the contractor and subcontractors includes labor performed, material furnished in the construction, erection, alteration or repair of the road, but does not include gasoline furnished sub-contractor for use in trucks which hauled gravel.

2. Louisiana Digest—Privileges—Par. 2; Laws—Par. 95.

Act 224 of 1918, being an act creating a privilege must be strictly construed.

3. Louisiana Digest—Roads, Bridges and Ferries—Par. 12, 13; Privileges—Par. 2, 4.

In view of Article 14 of the Civil Code which provides that the words of law are understood in their most usual signification, Act 224 of 1918, not specifically including a privilege for material or supplies furnished for use in machines used in the construction of a road, does not create a privilege for gasoline sold to a sub-contractor for use in trucks hauling gravel.

Appeal from the Tenth Judicial District Court of Louisiana, Parish of Natchitoches. Hon. John F. Stephens, Judge.

Action by Red River Construction Company against Pierce Petroleum Corporation.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Cook & Cook, of Shreveport, attorneys for plaintiff, appellee.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, attorneys for defendant, appellant.

WEBB, J. The Louisiana Highway Commission and the Police Jury of Natchitoches parish entered into two contracts

with the Red River Construction Company under which the latter undertook to construct two certain portions of a highway in Natchitoches parish designated as projects Nos. "430A" and "429D", and at the time the contracts were signed the contractor furnished bonds with the Southern Surety Company as surety, binding itself for the faithful performance of the contract, etc.

The contractor, Red River Construction Company, sublet to C. Nordstrom that portion of the work of hauling and spreading gravel on the roadway, and the subcontractor, in the course of his work, purchased from the Pierce Petroleum Corporation oils and gasoline which the latter claimed amounted to twelve hundred and seventy-seven and 52-100 dollars and which was used in automobile trucks, etc., used in hauling the gravel; and the subcontractor failing to pay, the Pierce Petroleum Corporation made an affidavit and filed same for registry with the recorder of mortgages for the parish of Natchitoches.

In the present action the plaintiff, Red River Construction Company, alleging that it had completed its contracts and that the Highway Commission was indebted unto it in the sum of five thousand dollars which was withheld by reason of the registry of the affidavit above mentioned, seeks to have the same cancelled and erased from the record, and also to obtain judgment for damages against the Pierce Petroleum Corporation.

The grounds upon which the plaintiff bases its right to have the cancellation made are that the oils and gasoline furnished were not incorporated in the work nor used therein and were not such materials for which the payment was protected under the law, and other grounds which are not urged here.

The defendant first filed a plea of estoppel (which does not appear to have been passed upon) and it then answered admitting the allegations of fact and asserting the validity of its claim, and that it should be paid out of the funds remaining due to the contractor and prayed for judgment in reconvention against the plaintiff and for an order authorizing the amount of the judgment to be paid from the funds due to the contractor by the Commission.

On trial, judgment was rendered in favor of the plaintiff, ordering the cancellation of the registry of the affidavit, but rejecting plaintiff's demand for damages, and from that judgment defendant appeals.

## OPINION

The parties concede that the bonds which were given by the contractor were given under Act No. 224 of 1918 and that the provisions of that act as to the obligation of the contractor and surety control. (State vs. Buie, 144 La. 42; Miller vs. Bonner, 163 La. —, 111 South. 776); and without discussion of the procedure provided by the statute, they apparently concede that the sole question presented is whether or not one who furnishes gasoline and oils to a subcontractor for use in motor trucks and tractors used by a subcontractor in hauling and spreading gravel on a roadway is protected under the provisions of the statute requiring the contractor to give a bond for the faithful performance of the work "with an addi-

tional obligation for the payment by the contractor and by all subcontractors for all work done, labor performed or material furnished in the cnstruction, erection, alteration or repair of such road", and that in event of its being held that such merchandise is comprehended within the meaning of the statute, that judgment could be rendered against the contractor; and we confine the opinion solely to the question conceded to be presented.

The defendant contends that the merchandise furnished being necessary in executing the work, that the language of the statute, if necessary, should be liberally construed so as to bring it within its protection, citing many cases from other states which indicate that the overwhelming weight of authority under the common law is in favor of a liberal construction in favor of the furnisher of materials in an action on bonds' given by the contractor under statutes providing for such bonds in contracts for the execution of public works; but we have not the statutes which were considered in the cases cited before us and, conceding a liberal construction is the rule in other jurisdictions, such rule does not prevail in this state.

The statute, considered with relation to the public body having the work done, provides that under certain circumstances the public body shall be responsible for the debts of its contractors, and, considered with relation to the contractors, it undertakes to make them responsible for the debts of their subcontractors, and from either point of view, considering the public body as any other person having the power to contract, the statute is in derogation of common right, and it has been the universal rule in this state to construe such statutes strictly.

However, we do not understand that a strict construction of the statute requires that a limited or restricted meaning should be given to the words, "material furnished in the construction, erection, alteration or repair of such road", as that the material must be of such a nature as to constitute a part of the completed work and of the nature to warrant a privilege, as the statute does not create a privilege nor, considering the amount of the security required, that the words could be given such a comprehensive meaning as to secure all obligations incurred by the contractor or subcontractor, even though such obligations may be incidental to the work undertaken.

Counsel have not cited any decision by the Supreme Court of this state in which the meaning of the language quoted has been defined, when used in a statute or contract, but Article 14, C. C., declares that:

"The words of a law are generally to be understood in their most usual signification, without attending so much to the niceties of grammar rules as to the general and popular use of the words."

And we are of the opinion that the usual signification of the language of the statute relates to those who furnish road material rather than material which may be used in placing the material on the road, and that defendant is not protected under the statute.

We are of the opinion that this construction is especially authorized by subsequent legislation, Act No. 271 of 1926, which amended Act No. 224 of 1918, and

especially provided that in addition to the stipulations required in the bond of the contractor by the latter act the bond should also stipulate for the payment of "all material or supplies furnished for use in machines used in the construction, erection, alteration or repair of said building, road, work or improvement" (Interstate Wholesale Grocery Co., Inc., vs. Prutsman, 1 La. App. 731) in that the statute being subject to strict construction the subsequent inclusion of the claim set up by defendant must be considered as a legislative interpretation that the former statute did not protect such claims.

The judgment appealed from is therefore affirmed.