No. ———
First Circuit

## RONALDSON & PUCKETT CO. v. CITY OF BATON ROUGE

(November 10, 1925, Opinion and Decree)

*(Syllabus by the Editor.)*

1. Louisiana Digest — Automobiles — Par. 4 (d), 6 (a).

Where the sprinkling apparatus on a water truck was so arranged that the truck had to be driven on the left side of the street in order to properly sprinkle it, thus causing a collision with a merchandise delivery truck, the city operating the truck will be held liable in damages.

(Civil Code, Art. 2315. Editor's note.)

Appeal from the Parish of East Baton Rouge. Hon. W. Carruth Jones, Judge.

This is a suit for damages arising out of a collision between a sprinkling truck and a merchandise delivery truck.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Cross & Moyse, of Baton Rouge, attorneys for plaintiff, appellee.

H. Payne Breazeale, of Baton Rouge, attorney for defendant, appellant.

LECHE, J. A collision between plaintiffs' merchandise delivery truck and defendants' street sprinkling truck took place on Main street in Baton Rouge, and this suit is for the recoveery of damages for injury to the merchandise delivery truck.

Main street runs almost due east and west and, true to its name, it is one of the principal highways of the city of Baton Rouge. It is almost continuously lined with heavy traffic of street cars, trucks and automobiles. Plaintiffs' truck, loaded with merchandise, was being driven east, along the south or right side of the street, where, under the customary rules of

the road, it should have been and where it had the right of way. When plaintiffs' driver passed the intersection of Hart street he noticed two automobiles parked ahead of him against the right curb, and still another automobile passed him and also parked ahead of him, so that by the time he reached the center of the block there were three automobiles parked in his path, and as he steered to the left to pass these three automobiles, he was run into by defendant's sprinkling truck.

Defendant's contention is that plaintiffs' driver had turned his head, was looking behind, and, without seeing, negligently ran into its sprinkling truck.

Plaintiffs' driver admits in his testimony that he did glance behind, as he had to do, before driving his slow loaded vehicle towards the center of the street to avoid the three parked automobiles, in order not to be run into by faster vehicles which might be in the rear of him, and about to pass him, while going in the same direction.

The sprinkling apparatus on defendant's truck was so arranged that in order to effectively sprinkle the street the truck had to be driven on the left side of the street, and that, in our opinion, was the main cause of the accident. Of course, where the street is free of traffic, the driver of a vehicle seeing the conditions under which the sprinkler was being operated, would be negligent, careless and foolhardy to run into it simply because it happened to be on the wrong side of the street. But it must be observed here, although the evidence is not clear on that point, that the views of both drivers, for plaintiff and for defendant, were either partially or totally obstructed by the three automobiles parked against the curb. Plaintiffs' driver had no reason to believe that any vehicle coming towards him would be driven along the left or wrong side of the street, and

it was clearly negligence on the part of defendant to have so done under the circumstances.

The impact was severe and the damage to plaintiffs' truck, as estimated by an expert, was fixed at seven hundred dollars, and this amount is not seriously contested.

The sprinkling of streets, like the maintenance of streets and sidewalks by a municipality, is not such a governmental function as will absolve the municipality from liability when done in a careless or negligent manner. Such acts are optional, purely of a municipal or local nature, for the comfort and convenience of its citizens, and are not compulsory for the health, safety or welfare of society in general.

The district judge awarded plaintiffs seven hundred dollars' damages, and we believe his finding is justified by the law and the evidence.