(61 South. 197.)

No. 19,248.

MARTIN v. BOARD OF FIRE COM'RS FOR CITY OF NEW ORLEANS.

(Feb. 17, 1913.)

*(Syllabus by the Court.)*

On Motion to Dismiss.

1. APPEAL AND ERROR (§ 374*)—BOND—NECESSITY—MUNICIPAL BOARDS.

Under Act No. 173 of 1902, all municipal boards or commissioners exercising public functions, or performing administrative acts, are exempt from furnishing a bond for appeal, and, as the board of fire commissioners for the city of New Orleans is a public functionary, it need not furnish a bond for an appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2005–2010; Dec. Dig. § 374.*]

2. APPEAL AND ERROR (§ 749*)—ANSWER—AMENDMENT OF JUDGMENT.

An answer to an appeal, asking for an amendment of the judgment, must be filed within three days after the case has been set for hearing in this court, and, unless it is timely filed, it will be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3065–3073; Dec. Dig. § 749.*]

3. APPEAL AND ERROR (§ 749*)—AMENDMENT OF JUDGMENT.

Where the case against one of two codefendants has been dismissed, this codefendant is without right to answer an appeal taken by the other codefendant, and to ask for the amendment of the judgment rendered in favor of the plaintiff.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3065–3073; Dec. Dig. § 749.*]

On the Merits.

4. MUNICIPAL CORPORATIONS (§ 747*)—INJURIES TO PEDESTRIAN—NEGLIGENCE OF FIRE DEPARTMENT.

Where the employés of a fire department of a city needlessly hitch to an engine a pair of untrained horses, and attempt to drive through the streets of the city, and, through some cause or other, these horses go upon a sidewalk with

the engine and injure a pedestrian, who has an undoubted right to be upon the sidewalk, the injured person has a cause of action for his injuries.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1570–1577; Dec. Dig. § 747.*]

Appeal from Civil District Court, Parish of Orleans; Thos. C. W. Ellis, Judge.

Action by Frank Martin against the Board of Fire Commissioners for the City of New Orleans and others. From a judgment against the Fire Commissioners, they appeal. Amended and affirmed.

John J. Reilley, Asst. City Atty., and I. D. Moore, City Atty., both of New Orleans, for appellants. George Montgomery, John P. Sullivan, and Arthur Landry, all of New Orleans, for appellee.

BREAUX, C. J. Plaintiff, knocked down and injured by a team of horses hitched to a fire engine on the 5th day of September, 1908, in the daytime, between 11 o'clock a. m. and 12 o'clock m., brought this suit for $5,000 against the board of fire commissioners for the city of New Orleans. Plaintiff was walking on the sidewalk of Tulane avenue near Howard street, when he was run into by the horses pulling fire engine No. 14. They were driven by and were in charge of the housekeeper of the defendant company, who was accompanied by another employé, both seated in front of the engine.

Plaintiff charges that they drove recklessly and uselessly through the public streets; that they struck the fence along the sidewalk, and broke several of the posts of the fence. He states in his petition: That he was picked up in an unconscious condition and placed in the care of a physician, who treated him for some time. He complains of a weakness and continued sickness brought on by the accident. That he was confined to his bed for several weeks. His pains were excruciating. In addition, he urges that he lost his earnings for some time, very much needed to support himself and family; that he spent considerable money for a doctor and medicines.

Plaintiff filed his petition in August, 1909. In September following he filed a supplemental petition, and prayed for judgment against the city of New Orleans as well as against the board of fire commissioners.

The city filed an exception of no cause of action, of misjoinder, and vagueness.

The exception was sustained, but a new trial was granted, and the exception was overruled. The city then filed an answer without waiving the benefit of the exception of no cause of action, still insisting upon the ground alleged in the exception. Defendant, the board of fire commissioners, in addition, took the ground that, if plaintiff was injured at all, it was entirely due to his contributory negligence.

The defense of the fire commissioners was practically the same as that of the city.

In overruling the exception the court stated that the exception presented would be considered again later in the trial.

The case was tried before a jury, and a verdict was found against the board of fire commissioners exclusively, and the jury (nine to three) rendered a verdict for plaintiff in the sum of $2,500, for which the court signed a judgment.

On the 27th day of November, 1911, the court sustained the exception of the city to the suit, dismissed plaintiff's suit, condemned him to pay costs, this without prejudice to his pending suit against the board of fire commissioners. This judgment was signed by the judge.

No appeal was ever taken from this judgment.

Returning to the judgment rendered in favor of plaintiff against the board of fire commissioners, counsel for the fire board moved for a new trial, and complained that the amount allowed was excessive. The mo-

tion for a new trial was overruled, and the board of fire commissioners then appealed without giving bond.

Here the appellee (the plaintiff) answered the appeal, and asked for its dismissal on the ground that the board of fire commissioners is not exempt from furnishing bond, or if exempt, then appellee prayed for an increase of the judgment, and asked for an amendment by increasing the amount. The city is eliminated from the case. The suit against it was dismissed, no appeal taken, and no complaint filed against the city by prayer to amend to make city a party.

The first proposition for decision is that the act creating the board of fire commissioners did not exempt it from giving bond for an appeal; that, as it did not give bond, the appeal should be dismissed.

[1] It is sufficient to state in regard to the appeal bond that under Act 173 of 1902, p. 327, all municipal boards or commissioners exercising public functions or performing administrative acts are exempt from furnishing bond of appeal. The board of fire commissioners of the city of New Orleans is a public functionary, and therefore exempt, and can appeal without giving bond.

[2, 3] Now, as relates to the petition of plaintiff on appeal to amend the judgment, it is not possible to sustain it, for the reason that the petition was filed too late on appeal.

Plaintiff and appellee filed his answer three days after the case had been fixed for hearing in this court. The answer was not timely filed. The law is positive upon the subject. Only recently we had occasion to pass upon a similar petition for the amendment of the judgment, and held that it must be timely filed, or else the appeal will be dismissed. Crusel v. Brooks (No. 19,107), 63 South. 114, 133 La. ——.

As already stated, the amendment came too late.

Only the appeal taken by the board of fire commissioners is before us for decision.

[4] The plaintiff had cause to complain. He was on the sidewalk, where he had a right to be. The horses, engine, and driver crossed from the street to the sidewalk. The driver, doubtless, had lost control, although he swears that he had not, and the horses pulled so that the pole of the engine knocked pickets of the fence down. The pedestrian had a right to some remuneration for the ills he suffered when he was knocked down and forced to find safety by crawling to an adjacent lot through the fence hole made by the pole of the engine. The crawling was done in order to escape the pawing of the mad horses. "To fall underneath the inside of the fence," as testified to by one of the witnesses for the defense, was not a pleasant performance. Some one is surely liable in damages.

There was a cause of action. The agents and employés of defendant were responsible. The horses were not of the required weight and size as fixed by the regulations of the defendant. The driver knew that there was no necessity of trying these horses; in fact, all of the employés were aware of the regulations upon the subject. The veterinary surgeon of the defendant company was asked why it was that these horses were given a trial, when it was well known that they were under size and weight. His answer was that he supposed it was done to satisfy the one who had them for sale. There was not the least necessity to hitch up this pair of untrained horses and drive them through the public streets as defendant's employés did, as they did not have the least idea of buying them, as they were not up to the standard required by rules of defendant.

Something was said about notice given to those around not to stand on the sidewalk. It was not proven that the plaintiff heard the notice. He testified that he had gone to the hospital to see a relative there. Pedestrians have a right to be on the sidewalk if

they choose, particularly when they are on their way legitimately to a place where they have a right to go. The defense has not succeeded in clearing itself from the charge of imprudence and carelessness.

We are constrained to the conclusion that there should be a judgment.

The amount is the next question for consideration.

We do not think that the plaintiff was as much injured as he imagined. Immediately after the accident, after he had been picked up, he said that he did not think that he was hurt. He walked to the hospital, and received medical attention needed. He, doubtless, suffered, but we infer not to the extent alleged. The following is the certificate furnished by the house surgeon:

"This is to certify that Frank Martin, aged forty-two years, a barber, residing at 2659 Cleveland avenue, was treated in the accident service of this hospital on September 15th, 1908, for a contusion of the chest and brush wounds of the face and chest."

This was the extent of plaintiff's injuries. While contusions are sometimes very painful, they are not considered dangerous, save to the sufferer, who sometimes will exaggerate the cause and effect of his sufferings.

It is therefore ordered, adjudged, and decreed that the judgment is amended by reducing the amount allowed for damages from $2,500 to $500, with interest thereon heretofore allowed, and, as thus amended, the judgment of the district court is affirmed.