LECHE, J.
Plaintiff kept in the city of Shreveport a licensed establishment, wherein he sold near beer. About March 16, 1914, the place was, in police parlance, raided by a squad of policemen acting under the direction and personal supervision of the commissioner of public safety. The plaintiff had on previous occasions been convicted of keeping intoxicating liquors for sale in violation of law, his conviction having each time been secured upon evidence obtained by forcible searches of his premises.
' On the last occasion, not finding readily any evidence to justify a criminal charge against plaintiff and . acting without warrant of any kind, the police proceeded, against the protest of plaintiff, under the direction of the commissioner and by means of sledge hammers and cold chisels, to break open the door of a large metallic safe or vault in which quantities of whisky and beer had been found in former raids. Discovering nothing to incriminate plaintiff the commissioner and the police then retired and left the premises.
Plaintiff, alleging this unlawful invasion of his premises, brought the present suit against the city of Shreveport and against the commissioner of public safety for damages in solido in the sum of $2,500. The judgment rendered by the district court was in favor of plaintiff and against the city of Shreveport for $237, and it ignored the demand of plaintiff against the commissioner.
The present appeal was taken by the city of Shreveport.
Plaintiff has made no appearance in this court, and the case was submitted on brief and argument solely on behalf of the city.
We are not concerned here with the personal liability of the commissioner of public safety, and the only issue presented in this appeal is the liability of the city of Shreveport in damages ex delicto for an admitted tort committed by its police officers while apparently acting in the discharge of their duties. ■
That question is no longer an open one. Police officers, though employed by a municipal corporation, exercise a function which is governmental in its nature and not corporate, and, in the absence of positive statute to the contrary, cannot, by their tortions acts, render the municipality which employs them liable in damages ex delicto. Stewart v. New Orleans, 9 La. Ann. 461, 61 Am. Dec. 218; Lewis v. New Orleans, 12 La. Ann. 190; New Orleans v. Kerr and Gally, 50 La. Ann. 417, 23 South. 384, 69 Am. St. Rep. 442; Jones v. New Orleans, No. 22891, 79 South. 865,[1] decided November 4, 1918.
The judgment appealed from is therefore set aside and reversed, and plaintiff’s demand against the city of Shreveport refused at his costs.

 143 La. 1073.