(105 So. 443)

No. 27202.

## HOWARD v. CITY OF NEW ORLEANS.

### In re HOWARD.

(July 13, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Municipal corporations ☞745½—Municipality not liable for negligence of agents in exercising governmental function.**

Despite Civ. Code, art. 2315, a municipality, in the exercise of a governmental function, is not liable in damages for the negligence of its agents or appointees, in exercising that function for, it, in the absence of some exception to the rule making it liable.

2. **Municipal corporations ☞724—Rule of liability for negligence in failing to keep streets in repair does not overthrow rule as to governmental function.**

Rule, making municipality liable for negligence in failing to keep its streets and sidewalks in repair, does not overthrow general rule applicable to negligence of city in exercising governmental function.

3. **Municipal corporations ☞734—City operating elevator for criminal court building, engaged in governmental function.**

City, in appointing elevator operator for criminal court building, and in operating elevator through such operator, *held* engaged in discharging a public duty, and in exercising governmental function.

4. **Municipal corporations ☞747(1)—City held not liable for negligence of elevator operator in criminal court building.**

City *held* not liable for injury resulting from negligence of its elevator operator in criminal court building, because such operation was a discharge of public duty, and exercise of governmental function.

Certiorari to Court of Appeal, Parish of Orleans.

Action by Michael Howard against the City of New Orleans. Judgment for defendant under exception of no cause of action was affirmed by Court of Appeal, and plaintiff prosecutes writ of review directed to Court of Appeal. Judgment affirmed.

Oliver H. Dabezies and Henry W. Robinson, both of New Orleans, for appellant.

T. Semmes Walmsley, City Atty., and Henry B. Curtis, Asst. City Atty., both of New Orleans, for appellee.

OVERTON, J. This is a suit, instituted by Michael Howard, a minor, through his father, William J. Howard, to recover damages from the city of New Orleans, amounting to $50,000. An exception of no cause of action was filed by defendant. This exception was sustained in the trial court, and, on appeal to the Court of Appeal for the parish of Orleans, the judgment sustaining the exception was affirmed. The case comes before us on a writ of review directed to the Court of Appeal.

It appears from the petition, filed by plaintiff, that he was a plumber's helper, working for the J. A. Reynolds Company, Inc.; that this company was working under a contract with defendant to do repair work on the Criminal Court building in the city of New Orleans, a building which, it is alleged, was owned, occupied, and maintained by defendant; that, while plaintiff was engaged in assisting his employer on the third floor of said building, he dropped a tool down the elevator shaft; that he descended to the first floor of said building and requested the elevator tender, an employee of defendant, acting within the scope of his employment, to admit him through the door, at the rear of the elevator shaft, so that he could get the tool dropped by him, which had fallen into the elevator pit; that the tender opened the door as requested; that plaintiff entered the pit; and that, while he was in the pit looking for the tool, the tender, without warning to him, lowered the car to the bottom of the pit, crushing him, and rendering him helpless for life.

The suit is based on article 2315 of the Civil Code, which omitting matter that has

no possible pertinency here, reads as follows:

"Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it. * * *"

The exception of no cause of action is based upon the ground that a municipality, in exercising a governmental function is not liable for the negligence of its agents and employees, through whom it is discharging that function; that defendant, in operating said elevator, was engaged in exercising a governmental function; and that, in such a case, article 2315 of the Civil Code has no application.

Plaintiff, on the other hand, contends that article 2315 of the Civil Code does make a municipality liable for acts of negligence committed in the exercise of governmental functions. He points out, among other things, that article 2315 of the Code, in so far as quoted above, is a transcript of article 1384 of the Code Napoleon, and cites Laurent, vol. 20, pp. 440 and 467; Huc's Commentaries on the Theory and Practice of the Civil Law, vol. 8, p. 598, No. 447; and Baudry-Lacantinnerie, vol. 15, p. 628, for the purpose of showing that, under article 1384 of the Code Napoleon, municipalities in France are liable for acts of negligence, committed by them, through their agents and appointees, in the discharge of governmental functions, and, by a parity of reasoning, contends that municipalities in this state are liable for such acts, under the corresponding article of our Code. We find it unnecessary, however, to inquire into and discuss, in writing this opinion, the views of the learned commentators cited. This court has recognized for some years that a municipality is not responsible for damages committed by its agents and appointees, while such agents and appointees are exercising for it governmental functions. Thus, in the case of Stewart v. City of New Orleans, 9 La. Ann. 461, 61 Am. Dec. 218, a case arising out of the killing of a slave by a policeman, our predecessors, as observed by the Court of Appeal, said:

"The inquiry which is next presented is whether the powers under which the officers of the municipality acted were conferred for public purposes. If so, it follows that the city is not liable for the acts of their officers, even though illegal, or of such a character as to subject the officers themselves to liability. * * * Under these sanctions, watchmen are appointed as a necessary branch of the police of the city. Their duties are the preservation of public order and tranquility, and the city, in appointing them, exercised a governmental function, conferred upon it, in its public or municipal character, for public purposes, exclusively, and is not therefore liable for the acts of its officers."

In Lewis v. City of New Orleans, 12 La. Ann. 190, which was a case arising out of the failure of the jailer to take proper care of a slave, confined in jail, as a result of which failure the slave became ill and died, and in which case an effort was made to hold the city liable for the negligence of the jailer, it was said:

"The power of the corporation to erect a police jail, to employ officers to superintend it, and to pass ordinances for its government, is in effect a power granted for public purposes, and not private advantage or profit, as contended for by the appellant. According to the principle announced in the case of Stewart v. City of New Orleans, 9 La. Ann. 461, 61 Am. Dec. 218, and which we consider conclusive upon the subject, the city cannot be made liable in the present case for the nonfeasance or misfeasance of the officers of the police jail."

In City of New Orleans v. Kerr, 50 La. Ann. 413, 23 So. 384, 69 Am. St. Rep. 442, our predecessors said:

"The powers and obligations of municipal corporations like the city of New Orleans are twofold in character: Those that are of a public nature, and those that are of a private nature. This court, by repeated decisions, has recognized this distinction. Egerton v. City of New Orleans, 1 La. Ann. 437; Stewart v. City of New Orleans, 9 La. Ann. 461 [61 Am. Dec. 218]; Lewis v. City of New Orleans, 12

La. Ann. 190; Howe v. City of New Orleans, 12. La. Ann. 482; Bennett v. City of New Orleans, 14 La. Ann. 120; New Orleans, M. & C. R. Co. v. City of New Orleans, 26 La. Ann. 478. As to the first or public character of its powers and obligations, the municipal corporation represents the state—discharging duties incumbent on the state. As to the second or private character of its powers and obligations, the municipal corporation represents the pecuniary and proprietary interests of individuals. As to the first, where a municipal corporation acts as the agent of the state, it becomes the representative of sovereignty, and is not answerable for the nonfeasance or malfeasance of its public agents. As to the second, the rules which govern the responsibility of individuals are properly applicable."

See, also, Joliff v. City of Shreveport, 144 La. 62, 80 So. 200; Jones v. City of New Orleans, 143 La. 1073, 79 So. 865; Davis v. New Orleans Public Belt R. R., 155 La. 504, 99 So. 419, 31 A. L. R. 1303.

[1, 2] Plaintiff concedes that there are cases in this jurisdiction which hold that a municipality is not liable for the negligence of its agents and appointees, occurring in the exercise, by the latter, for it, of governmental functions. He contends, however, that the cases are few that so hold compared with those in which a municipality has been held liable in cases of that type. Among the cases cited by him, in support of his contention that municipalities have been held liable in cases of that type, are those holding that they are liable for injuries caused by defects in their streets and sidewalks, or by obstacles negligently placed by their agents thereon, and these cases are: O'Neill v. City of New Orleans, 30 La. Ann. 220, 31 Am. Rep. 221; Cline v. Crescent City R. Co., 41 La. Ann. 1031, 6 So. 851; Buechner v. City of New Orleans, 112 La. 599, 36 So. 603, 66 L. R. A. 334, 104 Am. St. Rep. 455; Lorenz v. City of New Orleans, 114 La. 802, 38 So. 566; Weinhardt v. City of New Orleans, 125 La. 351, 51 So. 286; Smith v. City of New Orleans, 135 La. 980, 66 So. 319; Nessen v.

City of New Orleans, 134 La. 455, 64 So. 286, 51 L. R. A. (N. S.) 324. The rulings in these cases are correct. They are in accordance with what may be said to be the universally recognized principle that a municipality is liable for negligence in failing to keep its streets and sidewalks in repair, or in reasonably safe condition for travel. While the duty of a municipality to keep its streets and sidewalks in safe condition may be said to be a governmental duty, yet the rule that makes it liable for negligence in failing to exercise the governmental function of keeping them in repair is an exception to the rule above stated, to the effect that a municipality is not liable in damages for failure to exercise a governmental function, intrusted to it, or for the negligence of its agents in exercising it, and, being an exception to the rule, necessarily does not overthrow the rule. Schwalk v. City of Louisville, 135 Ky. 570, 122 S. W. 860, 25 L. R. A. (N. S.) 88; Snider v. City of St. Paul, 51 Minn. 466, 53 N. W. 763, 18 L. R. A. 151.

We have examined the other cases cited by plaintiff to show that the rule contended for by defendant is not the law of this state. The case of Johnson v. Municipality, 5 La. Ann. 100, may be said to have been overruled by Lewis v. City of New Orleans, 12 La. Ann. 190, cited supra. Of the remaining cases cited, the only one, in our view, which has sufficient pertinency to be discussed is that of Martin v. Board of Fire Commissioners for the City of New Orleans, 132 La. 188, 61 So. 197, 44 L. R. A. (N. S.) 68, a case growing out of negligence in hitching untrained horses to a fire wagon and driving them on a street of this city, as a result of which a pedestrian on the sidewalk was injured. The case resulted in a judgment against the board of fire commissioners, but, whatever applicability the rule, now under consideration, may have had in that case, it may be said that the rule was not mentioned or discussed in it,

and hence the case cannot properly be considered as precedent on that point.

For the foregoing reasons our conclusion is that the rule obtains in this state that a municipality, in the exercise of a governmental function, is not liable in damages for the negligence of its agents or appointees, in exercising that function for it, in the absence of some exception to the rule making it liable.

[3, 4] The next question to be considered is: Was the city exercising a governmental function when it appointed an elevator tender for the Criminal Court building, and in operating through him an elevator therein, or was it engaged in discharging a mere private corporate function?

In Schwalk, Adm'r, v. City of Louisville, 135 Ky. 570, 122 S. W. 860, 25 L. R. A. (N. S.) 88, cited supra, it was contended that one Schwalk was killed by reason of the negligence of the agents, appointed by the city, while riding in an elevator in the city hall, and his administrator sued the city for damages. The city was held not liable in damages for the injury occasioned by defects in the elevator and by the manner in which it was operated, on the ground that the maintenance of the city hall, including the operation of the elevator, was a governmental function. In that case the court said:

"The general rule on this subject is well stated in Burdick's Law of Torts as follows: 'Nonliability of city—There is a substantial agreement that it [a city] is not liable for the torts of its fire or police departments, nor for those of its boards of health or education, nor for those of any other officers, agents, or servants in the discharge of functions which primarily belong to the state, but the performance of which it has delegated to the municipality. Neglect of officers in guarding prisoners, or in caring for jurymen, or in keeping courthouses, townhouses, jails, or other public buildings in repair, will not subject the corporation to legal liability.' * * * "

159 LA.—15

See, also, to the same effect, Snider v. City of St. Paul, 51 Minn. 466, 53 N. W. 763, 18 L. R. A. 151, cited supra, and Wilcox v. Rochester, 190 N. Y. 137, 82 N. E. 1119, 17 L. R. A. (N. S.) 741, 13 Ann. Cas. 759.

White, in his work on the Negligence of Municipal Corporations, citing these and other authorities, says:

"It is the view of courts of high standing that a city in the operation of elevators in public buildings is engaged in a governmental function, and is not liable for injuries due to defects in such elevators or their negligent operation." White's Negligence of Municipal Corporations, p. 28, § 96.

The Criminal Court building, in which the elevator, in this instance, was operated, is devoted to the holding of the criminal district court for the parish of Orleans. The building is used only for public purposes. In it the several divisions of that court, which is a state institution, convene and hold their sessions. Primarily, the duty of maintaining the building, and making it available for use, is a state duty, but the state has intrusted that duty to the city, and did so long before the accident in the present instance occurred, just as it has intrusted the maintaining of the various courthouses in the rest of the state to the respective parishes in which they are located. In our view, in operating the elevator, the city was engaged in discharging a public duty and in exercising a governmental function. Hence it is not liable in damages for the negligence of its agent and appointee in operating the elevator for it.

For the foregoing reasons, while we sympathize with plaintiff, because of the unfortunate accident that has befallen him, still we must hold that the exception of no cause of action was properly sustained.

For the reasons assigned, the judgment under review is affirmed.