On January 6, 1945, Mrs. Elsie M. Quin, wife of Edwin C. Maquar, was standing on the corner of Magazine and Upperline Streets waiting to board a streetcar of the New Orleans Public Service, Inc.; while she was so standing a garbage truck owned by the City of New Orleans and operated by one of its employees, and which was traveling on Upperline Street, attempted to cross Magazine Street; there was a collision between the streetcar and the garbage truck, with the result that the impact caused the rear tank of the garbage truck to strike Mrs. Maquar seriously injuring her, from which injuries she died shortly after the accident.
This suit arises out of said accident. Edwin C. Maquar, husband of the deceased, both individually and as natural tutor of his minor child, Sandra Rosalie Maquar, sues the New Orleans Public Service, Inc., and the City of New Orleans, in solido, alleging that the joint negligence of the employees of both defendants caused the death of Mrs. Maquar. Edwin C. Maquar claims individually from the defendants the sum of $45,405.46, and on behalf of his minor child claims the sum of $45,000.
The City of New Orleans filed an exception to the petition, which exception is based upon the ground that the petition discloses no cause or right of action as to that defendant.
There was judgment maintaining the exception, from which judgment this appeal has been taken by plaintiff.
There is no dispute that the City of New Orleans is a municipal corporation and that the provisions of Act 248 of 1912, as amended by Act 34 of 1914, authorized and empowered it to maintain and operate garbage disposal plants, and that pursuant to such authority the City of New Orleans has been operating incinerators for the disposal of the garbage collected in the city.
The city also operates automobile-trucks and other vehicles for the purpose of collecting and conveying garbage to the incinerators, and the truck of the city which was involved in the accident herein was engaged at the time in the collection of garbage.
Counsel for the City of New Orleans argue that the collection of garbage is a governmental function; that the collection of garbage is necessary for the preservation of the public health and safety; that it is one of the duties owed by the sovereign to its inhabitants; that such duty was delegated to the City of New Orleans by the State of Louisiana, and the city is exempt from liability for the negligence of its employees under the circumstances.
Counsel for plaintiff argues that while Act 248 of 1912, as amended, empowers the City of New Orleans to operate garbage disposal plants, it does not confer upon the city the authority to collect garbage, and that such function is not governmental but amounts to a purely proprietary or corporate act.
In support of his contention, counsel for plaintiff has cited several authorities from other jurisdictions. Counsel concedes that there are many cases, also from other jurisdictions, which hold to the contrary.
However, this court, in the case of Manguno v. City of New Orleans, La. App., 155 So. 41, 45, passed upon a proposition identical to the one before us. In that case plaintiff sued the City of New Orleans to recover damages for injuries sustained when he was struck by a steel garbage trailer *Page 877 
operated by the city. The court reached the conclusion that the operation of a garbage collection system was a governmental function delegated by the state to the city, and that the city was exempt from liability for the negligent acts of its employees in such activities. The court said:
"In the instant case there can be no doubt that the maintenance and operation of a garbage collection and disposal system is for the protection and preservation of the public health and welfare and, as such, is a delegation of a governmental function by the sovereign state to the city. The municipality does not make any charge or assess any fee in connection with this service, the system being maintained and operated out of the general tax fund. We conclude that the employee was engaged in a governmental function at the time of the unfortunate accident and, therefore, the city is exempt from liability for the tortious acts of its employees or representatives."
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.