Alleging that he was severely and critically injured through the deliberate, wilful and vicious act of one Jesse R. Roberts, who was then acting within the scope and course of his employment as deputy marshal of the Town of Winnfield, Louisiana, plaintiff filed suit against that municipality for damages totalling $28,450. Also joined as parties defendant were the Mayor and four members of the Board of Aldermen of the Town of Winnfield, Louisiana.
Defendants filed an exception of no cause or right of action on the ground that the Town of Winnfield as a municipal corporation was not liable in tort for the acts of its law enforcement employees and that the Mayor and members of the Board of Aldermen are not individually liable, ex delicto, for acts performed in their official capacity as elected members of the governing body of the Town of Winnfield.
The case is before us on an appeal from a judgment of the District Court sustaining that exception.
The brief of counsel for plaintiff contains the following paragraph:
"Plaintiff appellant does not strenuously urge that the petition sets forth a cause of action against the Town of Winnfield in view of the jurisprudence of Louisiana as set forth in Rush v. Town of Farmerville et al. [156 La. 857], 101 So. 243, and prior cases. It is felt, however, that a good cause of action is set forth against the Mayor and the members of the Board of Aldermen, named individually as defendants in this suit. It is to this proposition that we will devote the argument of this brief."
The Courts of Louisiana have always held that municipal corporations and other public bodies are not responsible for the tortious acts of public officials in connection with the performance of a duty incident to the exercise of the municipalities' governmental functions. Hall v. City of Shreveport, 157 La. 589, 102 So. 680; Howard v. City of New Orleans, 159 La. 443, 105 So. 443.
We next consider plaintiff's contention that under the facts set forth in the petition, the Mayor and Board of Aldermen are personally liable to plaintiff for their alleged negligence in employing Roberts as deputy marshal when they knew that he had committed some ten separate acts of violence against various individuals in using such weapons as a hammer, a pistol, a brickbat and other dangerous weapons, and when it was within the knowledge of the defendants that said Roberts had been arrested many times in the Town of Winnfield and in nearby places for acts of violence and aggravated assault and had received a suspended sentence after pleading guilty in a neighboring parish to the crime of "Wounding less than mayhem."
Plaintiff's counsel urges that each of the individual members of the town council who voted for the employment of such a person in a position which would authorize — and necessitate — the carrying of a dangerous weapon, committed an act of negligence and that each, in consequence of his participation in the act of employment, became personally responsible to the plaintiff and any other persons who might be injured by the deputy marshal's unlawful use of his weapon while so employed.
Plaintiff's petition alleges, paragraph 12, that "acting in their capacity as the legally *Page 138 
constituted governing authority of the Town of Winnfield, Louisiana, the defendants named in the paragraph above did select and employ Jesse R. Roberts in the capacity of Deputy Marshal of the Town of Winnfield, Louisiana and thus empowered him with police duties to maintain order in the Town of Winnfield, Louisiana and legally authorized him to carry fire arms and did vest him with all other rights, privileges and powers appertaining to deputy marshals and police officers in the Town of Winnfield, Louisiana."
This allegation that the defendants were acting in the scope of their authority brings the case under the general rule as stated in McQuillin's Municipal Corporations, Second Edition, Volume 2, Paragraph 556, page 280:
"Under a variety of circumstances the general principal has been often asserted that where a public officer is, by law, vested with discretionary ministerial powers, and acts within the scope of his authority, he is not liable in damages for an error in judgment, unless guilty of corruption or wilful violation of the law. * * *."
In deciding the case of Spalding v. Kreider et al., 26 La. Ann. 743, the Louisiana Supreme Court followed the above general rule in sustaining an exception of no cause of action filed to a suit against the Mayor and Aldermen of the City of Jefferson for their alleged negligence in appointing certain persons on the police force of that city, giving as their reason for sustaining the exception the fact that "as it was not alleged that they (the defendants) were present aiding and abetting the so called rioters, or that they or either of them inflicted the wound which is the basis of plaintiff's claim, we agree with the district judge that the petition sets forth no cause of action."
The decision is short and a reading of it indicates that the Supreme Court took it for granted that it was unnecessary to cite authorities on the point that the Mayor and Board of Aldermen are not individually responsible for the acts of police employed by the municipality. Of course, had the petitioner alleged that the Mayor or members of the Board of Aldermen had incited the riot or had been present aiding or assisting, their responsibility would have been based upon those acts rather than upon their action in employing the policeman or policemen whose action resulted in the injury to plaintiff.
In deciding the case of Thibodaux v. Town of Thibodaux et als., 46 La. Ann. 1528, 16 So. 450, the Supreme Court stated:
"Officials, in the performance of a duty imposed by law, cannot be held in damages for acts done strictly within the lines of official duty."
The Court further stated that the presumption is in favor of the propriety and good faith of those responsible for acts of a municipal corporation.
Our constitutional law — that of checks and balances and of division of the sovereign powers into the executive, judicial and legislative branches — all subject to the limitations imposed by the Constitution, is designed to protect the liberty of the individual citizen and to make the processes of government impartial in nature and to provide what has been described as "a government of laws and not of men." The individuals that exercise governmental functions do so only as authorized by the Constitution, or by statute enacted under power conferred by the Constitution. When a board of aldermen of a municipality, the legislature of a state, or the Congress of the United States is in session, the individuals who are members act strictly in an official capacity and are not personally responsible for the good or ill effect of legislation enacted or of other official actions authorized by the body of which such individuals are members. The remedy against such unwise official acts is found at the polls and not in the Courts.
Parenthetically, it might be observed that were plaintiff's theory accepted and the members of the Board of Aldermen held responsible for the unwise use of a dangerous weapon by the persons employed by them in their official capacity as members of the Board of Aldermen, there would be no measure or end of the claims that might be made against those who participate in our state and local governmental processes. For instance, some other *Page 139 
plaintiff who was injured by a person who had recently been "no billed" or tried and found not guilty of an alleged crime of violence, might file suit against the members of a grand jury which had failed to indict, or of the jury which had acquitted his assailant of the previous crime, on the theory that had the accused been indicted, convicted and incarcerated, he would not have been at liberty and in position to commit the subsequent act of violence.
Counsel cites the case of Baader v. Driverless Cars, Inc., 10 La. App. 310, 120 So. 515, in which a defendant company which rented automobiles to the public was held liable to the plaintiff, who was injured by the negligence of a person to whom the company rented a car at a time when he was obviously under the influence of intoxicating liquor. This case is distinguishable from the case at bar in that the officer or agent of the defendant company was not acting in a governmental capacity.
The decision of the District Judge sustaining the exception of no cause or right of action is in accordance with Louisiana jurisprudence. Counsel for plaintiff has cited no Louisiana case in which a municipal corporation has been held responsible for the tortious acts of a law enforcement official or in which a public official has been held responsible for acts done in the performance of his official duties.
The judgment is affirmed, with costs.