**65 So.2d 312**

**TAULLI v. GREGORY et al.**

**No. 40962.**

April 27, 1953.

Louis H. Marrero, III, Marrero, for plaintiff-appellant.

John C. Boutall and Nestor L. Currault, Jr., Gretna, for defendants-appellees.

McCALEB, Justice.

This is a suit for damages in the sum of $16,590, for malicious prosecution. The defendants in the case are the City of Westwego, its Mayor, Robert J. Duplantis, an alderman, Burton Elliott, Sr., and its marshal, Jacob Gregory. The petition alleges in substance that, on January 9th 1952, while plaintiff was engaged in filling certain ditches in the City of Westwego upon private property under contract with Marrero Land & Improvement Associa-

tion, Ltd., he was arrested by defendant, Gregory, and incarcerated in the parish jail at Gretna, Louisiana on a charge of destroying public property; that said arrest and charge was made maliciously and without probable cause; that the act of Gregory was instigated by the defendants Duplantis and Elliott, acting either individually or in their capacities as Mayor and alderman of the City of Westwego, with malice and without probable cause; that, thereafter, the said Gregory, maliciously and at the dictation of Duplantis and Elliott, executed an affidavit in the First Justice of the Peace Court charging plaintiff with malicious mischief; that, based on this affidavit, the district attorney of the Twenty Fourth Judicial District filed a bill of information against plaintiff but that, after a trial, he was found not guilty by the court and ordered discharged.

To this petition, defendants filed an exception of no cause of action and, after a hearing thereon, it was sustained and plaintiff's suit dismissed. He has appealed.

■ That the exception was properly maintained as to the City of Westwego cannot be doubted. It is well settled that a municipality is not liable for the tortious acts of its officers or employees, even when committed in connection with their duties, as such duties are necessarily incident to the exercise of governmental functions by the municipality. Joliff v. City of Shreveport, 144 La. 62, 80 So. 200; Hall v. City of Shreveport, 157 La. 589, 102 So. 680; Howard v. City of New Orleans, 159 La. 443, 105 So. 443 and Shirley v. Town of Winnfield, La.App., 41 So.2d 136.

■ However, it is difficult to conceive the theory upon which the trial judge upheld the exception of no cause of action as to the arresting officer, Gregory, and Duplantis and Elliott, who allegedly maliciously instigated the arrest and prosecution. It is firmly established that, in actions of this sort, a charge that the prosecution was malicious and without probable cause sufficiently states all of the elements of the offense and therefore discloses a cause of action. Glisson v. Biggio, 139 La. 23, 71 So. 204. It is plain, from a reading of the allegations of the petition, that the exception is without merit as to the individual defendants.

The judgment appealed from is affirmed insofar as it dismisses plaintiff's suit as to the City of Westwego. As to the other defendants, the judgment is reversed, the exception of no cause of action is overruled and the case is remanded for further proceedings consistent with the views herein expressed. The costs of this appeal are to be borne by these defendants.

FOURNET, C. J., absent.