66 So.2d 3

**PRUNTY v. CITY OF SHREVEPORT.**

**In re PRUNTY.**

No. 41103.

June 1, 1953.

Donald C. Dickson, Shreveport, for applicant.

J. N. Marcantel, James W. Hammett and John Gallagher, Shreveport, for defendant-respondent.

McCALEB, Justice.

Certiorari was granted herein to review a decision of the Court of Appeal, Second Circuit, dismissing relator's action for damages against the City of Shreveport on an exception of no right or cause of action.

The gravamen of relator's claim is that certain employees of the City of Shreveport, whilst engaged in the construction, opening and repair of certain streets, erroneously went upon property owned by him, which abuts Rainwater Street, and graded a portion of his lot, damaging it in the sum of $500.

In the lower court there was judgment in relator's favor for $100, from which the City of Shreveport appealed. The Court of Appeal did not find it necessary to consider the merits of the case, being of the opinion that an exception of no right or cause of action filed by the city was well taken. See 61 So.2d 548.

■ The exception is based upon the proposition that an action, ex delicto, does not lie against a municipality for the offenses or quasi offenses committed by its agents or employees while engaged in the performance of purely governmental functions. This, of course, is a well-recognized rule of law supported by an unbroken line of jurisprudence. Joliff v. City of Shreveport, 144 La. 62, 80 So. 200; Hall v. City of Shreveport, 157 La. 589, 102 So. 680; Howard v. City of New Orleans, 159 La. 443, 105 So. 443; Rome v. London & Lancashire Indemnity Co., 181 La. 630, 160 So. 121; Shirley v. Town of

Winnfield, La.App., 41 So.2d 136 and Taulli v. Gregory, 223 La. 195, 65 So.2d 312.

■ Since relator's action is predicated exclusively upon the theory that the city is liable for the acts of its employees in erroneously grading a portion of his property as part of the street, i. e., a tortious act while engaged in a governmental pursuit, there can be no doubt as to the correctness of the ruling of the Court of Appeal. Indeed, the writ herein was granted under the misapprehension that relator's claim was grounded upon that portion of Section 2 of Article 1 of our Constitution prohibiting the taking or damaging of private property for public purposes without just and adequate compensation.[1] However, we now find that no such theory of liability is either alleged in the petition or advanced by relator's counsel in the brief filed in this court. In fact, counsel merely states that, since relator's lot was damaged by city employees, they cannot be said to have been engaged in the performance of a governmental function. This assertion is in discord with the allegations of the petition and furnishes no answer to the rule of law applied by the Court of Appeal.

The judgment is affirmed.

---

**1.** In this connection, see Angelle v. State, 212 La. 1069, 34 So.2d 321, 2 A.L.R.2d 666.