78 So.2d 525

**BARBER LABORATORIES, Inc.**

**.v.**

**CITY OF NEW ORLEANS.**

No. 40622.

Feb. 14, 1955.

Terriberry, Young, Rault & Carroll, New Orleans, W. W. Young, Joseph M. Rault, Jr., New Orleans, of counsel, for plaintiff-appellant.

Henry B. Curtis, City Atty., Luther E. Hall, Jr., Asst. City Atty., New Orleans, for defendant-appellee.

HAMITER, Justice.

Alleging that certain employees of the Fire Department of the City of New Orleans acted negligently in their efforts to extinguish a fire in its premises, Barber Laboratories, Inc. instituted this suit

against the named municipality to recover damages of $50,000 assertedly resulting. The negligence charged is that the firemen failed and refused to attach their water hose to a nearby fire plug, as requested by plaintiff; instead, they connected it to an outlet located several squares away, thereby occasioning considerable delay in their operations and permitting the flame to spread and to become uncontrollable.

To the petition the defendant tendered an exception of no cause of action grounded on the theory that a municipality is not responsible for the negligent acts of its employees when done as a part of a governmental function. The district court sustained the exception and dismissed the suit. Plaintiff is appealing.

Our jurisprudence is well settled to the effect that an action ex delicto does not lie against a municipality for the offenses or quasi offenses committed by its agents or employees while engaged in the performance of purely governmental functions. Yule v. City of New Orleans, 25 La. Ann. 394, City of New Orleans v. Kerr and Gally, 50 La. Ann. 413, 23 So. 384, Planters' Oil Mill v. Monroe Water Works & Light Company, 52 La. Ann. 1243, 27 So. 684, Joliff v. City of Shreveport, 144 La. 62, 80 So. 200, Howard v. City of New Orleans, 159 La. 443, 105 So. 443, Taulli v. Gregory, 223 La. 195, 65 So.2d 312, Prunty v. City of Shreveport, 223 La. 475, 66 So.2d 3. That this rule obtains in Louisiana is recognized by appellant. However, to obtain a reversal

of the judgment herein, its counsel (to quote from their brief) "submit that the doctrine of sovereign immunity for governmental functions, as contradistinguished from proprietary functions, should be discarded by this Court; that it is repugnant to our Civil Code and our system of civilian law; that it is contrary to the law as it existed under the Code of Napoleon and in France; and it is contrary to the modern trend in the United States."

Alternatively, and citing and relying on Martin v. Board of Fire Commissioners, 132 La. 188, 61 So. 197, 44 L.R.A.,N.S., 68, counsel (again quoting from their brief) "submit further that this Supreme Court has already held that a municipal corporation, insofar as the operations of its Fire Department are concerned, does not come within the governmental immunity rule and is liable for the negligence of its Fire Department without regard to any fine line distinctions."

In Howard v. City of New Orleans, supra, the contention was made, just as is being done here, that the mentioned doctrine of sovereign immunity is repugnant to our system of civilian law. With reference to it, and constituting a definite rejection thereof, the following was said in the opinion of that case [159 La. 443, 105 So. 444]: "* * * We find it unnecessary, however, to inquire into and discuss, in writing this opinion, the views of the learned [French] commentators cited. This court has recognized for some years that a municipality is not responsible for damages committed by its agents and appointees, while such agents and appointees are exercising for it governmental functions. * * *" The court then went on to cite, discuss, and quote from some of the decisions supporting the rule. Thereafter, it referred to certain cases dealing with a municipality's liability for injuries caused by defects in streets and sidewalks, commenting that they provided an exception and "being an exception to the rule, necessarily does not overthrow the rule."

Appellant has suggested no good reason for our overruling this firmly established jurisprudence. Its counsel merely state that the doctrine is contrary to the modern trend in the United States. But the authorities cited by them do not seem to support the statement. Each of the cases relied on from the other jurisdictions appears to have involved either a statute in which governmental immunity was waived or a peculiar factual situation from which the court concluded that the municipality had acted in a proprietary capacity or had maintained its streets in an unsafe condition (rendering the exception applicable). In none is there an apparent departure from the general rule that a municipality is not liable for tortious acts of its employees while operating in a governmental capacity.

As to appellant's alternative proposition, we do not understand that Martin v. Board of Fire Commissioners for the City of New

Orleans provides an exception to the discussed rule and, thus, serves as a precedent for our holding a municipality liable for the negligence of its fire department.

Previous to that decision this court, in Yule v. City of New Orleans, supra, had held: "The broad question presented by the record is whether or not the city of New Orleans is bound to indemnify its citizens for any loss by fire, occasioned by the negligence of the fire department.

"We think not. * * *"

Later came Planters' Oil Mill v. Monroe Water Works and Light Company, supra [52 La.Ann. 1243, 27 So. 686], which involved a fire loss due allegedly to an insufficient water supply. The plaintiff sought to hold the city liable for the failure of its officers to enforce a contract it had with a third party to supply sufficient water for fire extinguishing purposes. In rejecting the demand the court said: "* * * Nor is the city to be held liable for the nonfeasance or misfeasance of its officials in connection with the contract entered into by the city with the waterworks company for their failure to coerce the company to a compliance with the duties and obligations it assumed under the contract. The principle upon which this rests is succinctly stated in City of New Orleans v. Kerr, 50 La.Ann. 413, 23 So. 384. * * *" The mentioned principle related to municipal immunity respecting governmental functions.

But counsel for plaintiff argue that those decisions were overruled in the Martin case, this court therein having held the Board of Fire Commissioners liable for the negligence of firemen in the operation of fire equipment that resulted in injury to a pedestrian. Made defendants in that cause were the named Board and also the City of New Orleans. The district court dismissed the latter from the suit, having sustained an exception of no cause of action tendered by it. Only the Board appealed and, hence, was the sole defendant before this court. And, as shown by its brief in the record of that cause, such appellant offered here the single defense that the evidence was not sufficient to convict the employees of the fire department of negligent operation of the fire engine. In approving the district court's holding that the Board was liable this court discussed merely the evidence regarding negligence; it did not consider or pass upon any legal question pertaining to sovereign immunity. Accordingly, it is not correct to say that the Martin case supports the contention that the governmental immunity rule is inapplicable insofar as a municipality's fire department is concerned. To the same effect is a comment or expression contained in the opinion of Howard v. City of New Orleans, supra.

For the reasons assigned the judgment appealed from is affirmed.