AYRES, Judge.
The plaintiffs, husband and wife, instituted this action in tort against the City of Shreveport and Frank E. Heathcote to recover damages for permanent injuries, pain and suffering, for loss of earnings, and for hospital and medical expense occasioned by and as resulted from an accident involving the husband’s ■ automobile, operated at the time by his wife, and a street sweeping machine owned by the city and operated in its service by Heathcote,. its agent and employee.
For a cause of action plaintiffs allege in Paragraphs 3 and 8 of their petition as follows:
“3.
“On March 3, 1955, about 8:15 A.M. plaintiff, Jo Austin Norred, was driving her husband’s, plaintiff Don D. Norred, 1953 Plymouth Convertable east on Kings Highway, Shreveport, Louisiana, and when she reached the intersection of Kings Highway with Linwood she stopped for a red signal light and while stopped and after being stopped for quite a number of seconds, the said car which she was the driver of was struck from the rear by a street sweeper, owned by the City of Shreveport and operated by defendant, Frank E. Heath-cote, who was operating said street sweeper in the course and scope of his employment, damaging plaintiff’s Don D. Norred, automobile and injuring plaintiff, Jo Austin Norred, as hereinafter set out.
* * * * * *
“8.
“That it is a duty of the City of Shreveport to keep the streets of said City in proper repair and to keep same cleaned by use of sprinkling trucks and street sweepers and at the time, of said *572 accident tHe said Frank E. Heathcote was performing his duties as an employee of the City of Shreveport in operating said street sweeper, and same was being operated within tlie corporate limits of the City of Shreveport and on a street that it was the duty of the City of Shreveport to sweep- and to keep cleaned.”
To plaintiffs’ demands, the city filed an ■exception of no cause of action. This exception is based upon the ground that a municipality, in exercising a governmental function, is not liable in damages for the negligence of its agents and employees through whom it is discharging that function; that defendant, operating said street sweeper, was engaged in exercising a governmental function.
From a judgment upholding defendant’s contention and sustaining the exception of no cause' of action and accordingly' dismissing their suit, plaintiffs have appealed.
The general rule prevails in this State that a municipality, in the exercise of a governmental function, is not liable in damages for the negligence of its agents or employees in exercising that function for it in the absence of some exception to the rule making it liable. Such was the holding in Howard v. City of New Orleans, 159 La. 443, 105 So. 443.
In Prunty v. City of Shreveport, 223 La. 475, 66 So.2d 3, the Supreme Court, on writs granted to this court in reviewing an action sustaining an exception of no cause of action, La.App., 61 So.2d 548, said:
“The gravamen of relator’s 'Claim is that certain employees of the City of Shreveport, whilst engaged in the construction, opening and repair of certain streets, erroneously went upon property owned by him, which abuts Rainwater Street, and graded a portion of his lot, damaging it in the sum of $500.
* * * * * *
“The exception is based upon the proposition that an action, ex delicto, does not lie against a municipality for the offenses or quasi offenses committed by its agents or employees while engaged in the. performance of purely governmental functions. This, of course, is a well-recognized rule of law supported by an unbroken line of jurisprudence. Joliff v. City of Shreveport, 144 La. 62, 80 So. 200; Hall v. City of Shreveport, 157 La. 589, 102 So. 680; Howard v. City of New Orleans; 159 La. 443, 105 So. 443; Rome v. London & Lancashire Indemnity Co., 181 La. 630, 160 So. 121; Shirley v. Town of Winnfield, La.App., 41 So.2d 136 and Taulli v. Gregory, 223 La. 195, 65 So.2d 312.”
In Barber Laboratories, Inc., v. City of New Orleans, 227 La. 104, 78 So.2d 525, 526, the Prunty case was cited as authority for a similar holding.
The final question is whether the City of Shreveport was engaged in the exercise of a governmental function in the operation of the street sweeper. In support of the negative of this proposition, plaintiffs cite the case of Ronaldson & Puckett Co. v. City of Baton Rouge, 3 La.App. 509. The accident on which that action was based involved a collision between plaintiff’s delivery truck and the city’s street sprinkler. The sprinkling apparatus was so arranged that the sprinkler truck could only be operated on the left side of a street in order to properly perform its operation. That fact was held by the court to be the cause of the accident, concluding that it was clearly negligent for the operator to drive the sprinkler truck on the wrong side of a main city street. In awarding plaintiff judgment, the court stated:
“The sprinkling of streets, like the maintenance of streets and sidewalks by a municipality, is not such a governmental function as will absolve the municipality from liability when done *573 in a careless or negligent manner-. ■Such acts are optional, purely of a municipal or local nature, for-the comfort and convenience of its citizens, and are not compulsory for the health, safety or welfare of society in general.”
The court neither cited nor discussed any authority supporting its decision.
In apparent direct conflict.with the aforesaid decision is the opinion in Manguno v. City of New Orleans, La.App., 155 So. 41, 42, which supports defendant’s contentions on both of the issues presented herein for determination. The basis of the action there was a collision between plaintiff’s Buick automobile and one of the city’s steel garbage trailers when' it broke loose from the truck that was pulling it and ran into plaintiff’s automobile. In the course of the opinion, the court stated:
“The law is well settled that, where the state as a sovereign delegates governmental functions to a municipality, it cannot be held liable for the tortious acts of its officials, representatives, and employees in discharging and performing those duties. However, municipalities are liable in damages for the negligence and carelessness of their officials, representatives, and employees in performing municipal or corporate functions. 19 R.C.L., verbo ‘Municipal Corporations, par. 392, p. 1111; 43 Corpus Juris, verbo ‘Municipal Corporations,’ par. 1702, p. 925.
“This doctrine has been recognized by the courts of this state. In the case of City of New Orleans v. Kerr, 50 La.Ann. 413, 23 So. 384, 386, 69 Am.St. Rep. 442, the court said:
“ ‘The powers and obligations of municipal corporations like the city of New Orleans are twofold in character: Those that are of a public nature, and those that are of a private nature. This court, by repeated decisions, has recognized this distinction. Egerton v. [Third Municipality of] New Orleans, 1 La.Ann. [435] 437; Stewart v. City of New Orleans, 9 La.Ann. 461, 61 Am. Dec. 218; Lewis v. City of New Orleans, 12 La.Ann. 190; Howe v. City of New Orleans, 12 La.Ann. [481].-482; Bennett v. City of New Orleans, 14 La.Ann. 120; New Orleans, M. & C. R. Co. v. City of New Orleans, 26 La.Ann. 478.
“ ‘As to the first or public character of its powers and obligations, the municipal corporation represents the state — discharging duties incumbent bn the state. As to the second or private character of its powers and obligations, the municipal corporation represents the- pecuniary and proprietary interests of individuals.
“ ‘As to the first, where a'municipal corporation acts as the agent of the state it becomes the representative of sovereignty, and is not.answerable for the nonfeasance or malfeasance of its public agents.
“ ‘As to the second, the rules, which govern the, responsibility of individuals are properly applicable. 15 Am. & Eng. Enc. Law, p. 1141; Western College [of Homeopathic Medicine] v. City of Cleveland, 12 Ohio St. 375; Rusher v. City of Dallas, 83 Tex. 151, 18 S.W. 333; Whitfield v. City of Paris, 84 Tex. 431, 19 S.W. 566, (15 L.R.A. 783, 31 Am.St.Rep. 69); O’Rourke v. City of Sioux Falls, 4 S.D. 47, 54 N.W. 1044, (19 L.R.A. 789, 46 Am.St.Rep. 760); Gianfortone v. City of New Orleans, C.C., 61 F. 64, (24 L.R.A. 592); City of New Orleans v. Abbagnato, [5 Cir., 62 F. 240] 10 C.C.A. 361, (26 L.R.A. 329).’”
It appears that whereas writs of certi-orari were not applied for in the Ronald-son & Puckett case, an applicatipn for such writs was made in the Manguno case and refused by the Supreme Court.
Plaintiffs concede there are cases-which hold that a municipality is not liable *574 for. the negligence of its agents and employees occurring in the exercise by such agents and employees of the municipality of governmental functions. If is contended, however, there are cases holding municipalities liable where injuries or damages áre caused by defects in streets and sidewalks or by obstacles negligently placed thereon by their agents or employees. We so concede and express our agreement with such cases. They are in accord with the generally recognized principle that a municipality is liable for negligence in failing to keep its streets and sidewalks in repair or in a reasonably safe condition for travel. On that point, the Supreme Court, in the case of Howard v. City of New Orleans, supra [159 La. 443, 105 So. 444], stated:
“While the duty of a municipality to keep its streets and sidewalks in safe condition "may be said to be a governmental duty, yet the rule that makes it liable for negligence in failing to exercise the governmental function of keeping them in repair is an exception to the rule above stated, to the effect that a municipality is not liable in damages for failure to exercise a governmental function, intrusted to it, or for the negligence of its agents in exercising it, and, being an exception to the rule, necessarily does not overthrow the rule. Schwalk v. City of Louisville, 135 Ky. 570, 122 S.W. 860, 25 L.R.A.,N.S., 88; Snider v. City of St. Paul, 51 Minn. 466, 53 N.W. 763, 18 L.R.A. 151.”
It was accordingly held that the City of New Orleans, in appointing an elevator operator for the Criminal Court Building and in operating the elevator through such operator, was engaged in discharging a public duty and exercising a governmental function.
The operation of a public park by the City of Shreveport was held a governmental function in Godfrey v. City of Shreveport, 6 La.App. 356.
The Court of Appeal for the Parish of Orleans, in Maquar v. New Orleans Public Service, Inc., La.App., 30 So.2d 875, which involved a collision between a garbage truck owned by the City of New Orleans, one of the defendants, and while operated in its service, and a street car of the New Orleans Public Service, Inc., followed the decision in the Manguno v. City of New Orleans case, supra, in reaching the conclusion that the operation of a garbage collection system was a governmental function delegated by the State to the city and that the city was exempt from liability for the negligent acts of its employees in such activities.
25 Am.Jur. 403, “Highways”, Sec. 99, states the majority rule as follows:
“In the majority of jurisdictions, the cleaning or sprinkling of streets by' a municipality is deemed to be a governmental function designed primarily to promote the public health and comfort, and the municipality is, therefore, not liable for the torts of employees to whom the performance of that function is designated.”
The jurisprudence of this State follows the majority view. Accordingly, therefore, the city in its operation of the street sweeper involved in the accident precipitating this action was engaged in a governmental function; consequently, we are constrained 'to hold that plaintiffs’ petition did not disclose a cause of action and that the exception based thereon was properly sustained.
The judgment appealed is, therefore, affirmed at appellants’ cost.
Affirmed.