124 So.2d 249 (1960)
L. L. BARNETT et al., Plaintiffs-Appellants,
v.
CITY OF MONROE, Louisiana, et al., Defendants-Appellees.
No. 9276.
Court of Appeal of Louisiana, Second Circuit.
October 27, 1960.
Rehearing Denied December 1, 1960.
*250 Holloway & Baker, Jonesboro, for appellants.
William F. Pipes, Jr., Monroe, for City of Monroe, La.
Hayes, Harkey & Smith, Monroe, for Allstate Insurance Co.
AYRES, Judge.
This is an action in tort wherein plaintiffs, husband and wife, seek to recover damages sustained in an automobile collision January 25, 1959, at the intersection of South Second Street and Texas Avenue in the City of Monroe, Louisiana. Made defendants, in addition to the City of Monroe, were P. L. Hendricks, Jr., Allstate Insurance Company, J. C. Arnold, and the Delta Fire and Casualty Company.
This appeal is by plaintiffs from a judgment sustaining (1) an exception of no cause of action urged on behalf of the City of Monroe, (2) an exception of no cause and of no right of action filed on behalf of Allstate Insurance Company, and (3) an exception of no cause of action urged by J. C. Arnold.
An appreciation of the bases for these exceptions requires an understanding of the facts as alleged in plaintiffs' petition, particularly since all well-pleaded facts must be accepted as true in evaluating the merits of exceptions of no cause of action.
For a cause of action, plaintiffs allege that plaintiff, Mrs. Bessie E. Barnett, was operating the family automobile at approximately 20 miles per hour in a southerly direction on South Second Street; that, as she approached the intersection of Texas *251 Avenue, the electric traffic signal was favorable for her to advance into and across the intersection; and that, as she attempted to negotiate the intersection and, after having reached the approximate center thereof, her vehicle was struck on its left side by a vehicle of the City of Monroe driven and operated by P. L. Hendricks, Jr., its agent and employee, who was then engaged in the performance of the duties of his employment as a member of the police force of the City of Monroe; that the said Hendricks entered said intersection at a fast and reckless rate of speed, in excess of 60 miles per hour, notwithstanding a stop sign and an unfavorable signal light. It was further alleged that Hendricks was acting for and on behalf of the defendant, J. C. Arnold, d. b. a. Red Top Cab Company, in escorting, through the city, a taxi of said defendant at the request of the driver.
The Allstate Insurance Company was alleged to be the public liability insurer of the private automobile of the defendant, Hendricks, which insurance coverage allegedly extended to any other automobile driven and operated by him with the permission of its owner. Similar insurance with the Delta Fire and Casualty Company was alleged to have covered the taxi of the defendant, J. C. Arnold.
With the above résumé of the pertinent allegations of fact, the exceptions will be given consideration in the order listed.
The basis of the exception urged by the defendant, City of Monroe, is twofold: (1) the insufficiency of plaintiffs' allegations in stating a cause of action, and (2) the sovereign immunity from liability of the city in actions ex delicto. These contentions will be separately discussed and in the order named.
On the first of these propositions which relates to the sufficiency of the allegations of plaintiffs' petition, the defendant cites and relies upon the pronouncements of the Supreme Court in the case of West Monroe Mfg. Co. v. Town of West Monroe, 146 La. 641, 83 So. 881. In that case, the defendant filed an exception of no cause of action predicated on plaintiff's failure to affirmatively allege (1) that the municipality had the authority to do the act causing the damage and, therefore, that it was not ultra vires; (2) that the act was done by an officer or agent while in the legitimate exercise of a corporate duty; and (3) that it was not done in the performance of a governmental function. The court pointed out in that case that plaintiff's petition did not allege that the operation of a certain engine of the defendant, which gave rise to the damages complained of, was not in the exercise of a legitimate corporate duty, and stated that it cannot be assumed that it was not, and that, if any presumption was to be indulged in, in reference to the acts of a municipality, it must be assumed that the thing it was doing was for the public good and not for private profit. In addition to the aforesaid basis for defendants' exception in the instant case, there were enumerated, in the cited case, two additional requirements of a petition in an action in tort against a municipality, namely: (1) that the defendant is a municipality, or municipal corporation, and (2) that the act complained of was wrongful.
It is elementary that all acts necessary to constitute liability on the part of a defendant must be alleged and precedent to recovery must be established by proof. These are not matters of a special defense, or defenses, to be urged by a defendant municipality. See, also, III Louisiana Law Review 729, Note 41.
Nor do we find any merit in plaintiffs' contention that the foregoing basis of defendants' exception was not specifically set out in its exception of no cause of action. While the second of the two bases upon which the exception was predicated was particularized, attention was directed, in the exception, to the fact that such specification was illustrative and by way of explanation and not of limitation. As pointed *252 out by Prof. McMahon in "Louisiana Practice," page 461, footnote 87:
"* * * The failure to state the particular point on which the court may deem the exception well taken does not prejudice the exceptor who has particularized his exception. `Apart from the reasons or grounds expressly stated, the exceptions put at issue, by the mere declaration that no cause or right of action [is] disclosed, the right of [plaintiff] to recover upon any ground, assigned or not, arising from the face of [the] petition.' Succession of Howell, 177 La. 276, 283, 148 So. 48, 50, 1933."
From a careful study, it clearly appears that plaintiffs' petition does not meet the objections raised by the exception.
The second ground urged as a basis for the exception, relating to the doctrine of sovereign immunity of a municipality for tort liability, is equally well founded. It is well settled in the jurisprudence of this State that an action ex delicto does not lie against a municipality for offenses or quasi offenses committed by its agents or employees while engaged in the performance of purely governmental functions. Barber Laboratories, Inc., v. City of New Orleans, 227 La. 104, 78 So.2d 525; Prunty v. City of Shreveport, 223 La. 475, 66 So.2d 3; Taulli v. Gregory, 223 La. 195, 65 So.2d 312; Joliff v. City of Shreveport, 144 La. 62, 80 So. 200.
The appellants recognize the aforesaid as a rule well established in the jurisprudence of this State and concede that where a police officer such as Hendricks, engaging in the performance of the duties as such, commits a tort, the municipality, as his employer, is not liable in damages therefor because of its immunity from such liability. Appellants contend, however, that the police officer, Hendricks, at the time of the accident, was not engaged in the discharge of a governmental function but in an undertaking for the mere use and convenience of the public. We are unable to agree with this position inasmuch as a police escort of a motor vehicle through the city is as much a governmental function as directing traffic or as the erection and maintenance of traffic lights (Terrill v. ICT Insurance Co., La.App.1957, 93 So.2d 292), or the operation of a street sweeper (Norred v. City of Shreveport, La.App.1956, 90 So.2d 571).
Lastly, as to the city, appellants point out that, while municipalities and other governmental bodies are not liable for the torts of their agents or employees while engaged in the performance of purely governmental functions, there is a well-recognized exception to that rule as pertains to a municipality's failure to keep and maintain its streets and sidewalks in a reasonably safe condition for travel, or to protect or warn travelers of the danger resulting from unusually hazardous conditions in its streets and sidewalks created by or made known to the municipal governing authorities. By analogy, appellants reason an exception to the general rule should likewise prevail where the use of motor vehicles is employed in the performance of a municipality's governmental functions. We acknowledge the logic and force of their counsel's persuasive argument. However, as an intermediate appellate court, we are impelled to follow the authority and jurisprudence established by the decisions of the highest court of this State.
The exception of no right of action urged by Allstate Insurance Company is predicated upon an exclusion from coverage incorporated in its policy of insurance covering Hendricks' private automobile. The evidence taken upon the trial of this exception establishes that Hendricks, as a patrolman of the Police Department, had been in the employ of the City of Monroe for some seven or eight years; that at the time of the accident, he was driving a specially-built police car of the city, acquired in December, 1958, which had been assigned to him since its purchase for regular use in the performance *253 of his duties as a member of the city's police force. On the occasion of the accident, Hendricks was providing, as a part of his official duties, a police escort for a taxi transporting, in an emergency, a patient to a hospital. He had provided such an escort on many previous occasions.
The nature of Hendricks' employment and activities at the time of the accident is recited for the purpose of giving consideration to the provisions relating to the exclusions of coverage in his policy. By the insuring clause of the policy, the defendant insurer obligated itself
"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:
"A. bodily injury, sickness or disease, including death resulting therefrom, hereinafter called `bodily injury,' sustained by any person;
"B. Injury to or destruction of property, including loss of use thereof, hereinafter called `property damage';
arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile * *."
It was recited, however, under the heading "Exclusions":
"This policy does not apply * * *:
* * * * * *
"(h) to a non-owned automobile while used (1) in the automobile business by the insured or (2) in any other business or occupation of the insured except a private passenger automobile operated or occupied by the named insured or by his private chauffeur or domestic servant, or a trailer used therewith or with an owned automobile; * * *." (Emphasis supplied.)
The vehicle driven by Hendricks was a publicly-owned, specially-designed and built police car. It was assigned to him for his regular use in his business, occupation, and employment as a patrolman in the Police Department of the City of Monroe. Except as to a private passenger automobile, the policy, by clear and unmistakable language, excluded coverage of a nonowned automobile used in any business or occupation of the named insured.
An insurance policy is a contract and the rules established for the construction of written instruments in general apply to contracts of insurance. Effect must be given to every part of the agreement and, when the intent of the parties is evidenced from the terms of the contract, there is nothing for the court to construe and the policy must be given a reasonable interpretation consonant with the apparent object and plain intent of the parties. Hemel v. State Farm Mut. Auto. Ins. Co., 211 La. 95, 29 So.2d 483; Muse v. Metropolitan Life Ins. Co., 193 La. 605, 192 So. 72, 125 A.L.R. 1075. In giving effect to an insurance contract as written, there is, however, a universal rule of construction that all ambiguities must be construed in favor of the insured and against the insurer. In the instant case no contention is made in that regard and our own study discloses no ambiguity as pertains to the insurance or exclusion clauses heretofore quoted. The insurance policy, therefore, afforded no coverage or protection inuring to the use and benefit of plaintiffs-appellants.
The exception of no cause of action urged by the defendant, J. C. Arnold, is predicated on the absence from the petition of any affirmative showing of fault or negligence on his part or imputable to him. The exception, in our opinion, was well founded. In fact, no contrary contention was made by appellants in this appeal.
For all the aforesaid reasons, we conclude that the aforesaid exceptions were properly and correctly sustained and that the judgment appealed should be, and it is hereby, affirmed at plaintiffs-appellants' cost.
Affirmed.