201 So.2d 876 (1967)
Mrs. Patricia Lee SHERWOOD, widow of Edmond P. SNELL
v.
Mrs. Mercedes STEIN, also known as Mrs. Mercedes Miorana et al.
Mrs. Patricia Lee SHERWOOD, widow of Edmond P. SNELL
v.
BENEFICIAL FIRE AND CASUALTY COMPANY et al.
Nos. 2596, 2597.
Court of Appeal of Louisiana, Fourth Circuit.
May 1, 1967.
Rehearing Denied June 13, 1967.
Writ Refused September 29, 1967.
*877 Wilmer G. Hinrichs, New Orleans, for Mrs. Patricia Lee Sherwood, widow of Edmond P. Snell, plaintiff-appellant.
Curtis, Foster & Dillon, Gerard M. Dillon, New Orleans, for Parish of Jefferson and Carl Bordelon, defendants-appellees.
Before YARRUT, CHASEZ and BARNETTE, JJ.
CHASEZ, Judge.
These two cases, consolidated for trial in the 24th Judicial District Court for the Parish of Jefferson, grew out of an automobile collision which occurred on December 8, 1964 at the intersection of Division Street and Veterans Highway in the Parish of Jefferson, Louisiana. The automobiles involved were being operated by Edmond P. Snell, plaintiff's deceased husband, and Mrs. Mercedes Stein, also known as Mrs. Mercedes Miorana, respectively, when the collision occurred.
It is alleged that Mr. Snell died instantly as a result of the accident, as did his fellow passenger, Dr. William C. Sherwood, plaintiff's father.
In suit 94-122 of the Docket of the 24th Judicial Court for the Parish of Jefferson, cause Number 2596 of this Court, plaintiff sued for damages for the death of her husband, individually and on behalf of her minor children; and in suit 94-123 of the Docket of the 24th Judicial District Court of the Parish of Jefferson, cause Number 2597 of this Court, plaintiff sued in her own behalf for the death of her father.
The actions now before this Court are the appeals by the plaintiff from the judgment of the District Court, maintaining exceptions of no cause of action filed on behalf of the Parish of Jefferson and its traffic engineer, Carl Bordelon, two named defendants, which resulted in the dismissal of plaintiff's suits.
Since the correctness of the Court's decisions on the exceptions of no cause of action are the sole issues before this court, it is not necessary to refer to any other parties or litigants or pleadings forming part of the record in these consolidated cases.
Plaintiff seeks to hold the defendants-exceptors herein, the Parish of Jefferson and Carl Bordelon, its Traffic Engineer, on the following allegations of her petitions in suit 92-122 and incorporated by reference in suit No. 94-123.
III.
"At the time of the above identified incident, the decedent was occupying and/or operating an employer owned or leased vehicle, 1963 Chevrolet, 1964-65 Louisiana License No. 216B712 and had stopped on Division Street headed South at Veterans Highway at a position of what would ordinarily be the extended curb lines of Veterans Highway, which thereby placed the vehicle approximately under an overhead traffic control signal light.
IV.
At the time aforesaid the traffic control system at Division and Veterans Highway consisted of three traffic lights facing Southbound traffic on Division and a sign to the left of the intersection facing Southbound Division traffic cautioning to move on the signal nearest the driver.
V.
The three signals aforesaid were located, one overhead on the north side of Veterans Highway above Division Street, one mounted on a utility pole to the left of the intersection on the north side of the canal and the third, an overhead signal on the south side of the bridge that crossed the canal that bisects the east and west bound roadways of Veterans Highway.

*878 VI.
The said signals operate in one sequence so as to show `RED' for southbound traffic while the overhead signal on the south side of Veterans Highway shows `GREEN' for traffic turning left off of the West-Bound Veterans traffic lanes.
VII.
Petitioner believes that the said signal system goes into sequence operation around 6:00 o'clock a. m., and that prior to that time it is on flashing `RED' for all traffic.
VIII.
Petitioner avers on information and belief that the decedent, Snell, stopped in obedience to either `RED' traffic signal and was either slightly into the intersection stopped or moving when the adverse vehicle hereinafter described and identified collided with it in the right-hand lane of the Veterans Highway.
IX.
Petitioner avers that her late husband had acted on a `signal reaction', either in obedience to the flashing `RED' signal and proceeded when met with the gross speed of the adverse vehicle while in a position of peril, or that he reacted to catching sight of the third overhead light which would have been `GREEN' at the time if the lights were then in sequence operation.
X.
In either of these eventualities, an adverse vehicle, believed to have been travelling at an excessive rate of speed of 75-80 MPH, collided with the left front side of the decedent's vehicle after leaving 117 feet of pre-impact skid marks.
* * * * * *
XIV.
The said collision resulted solely from the combined gross negligence of the defendant Stein and the negligently designed, entrapping traffic control system then existent at the said intersection.
XVI.
The negligence and liability of the defendant Parish and its traffic engineer is alleged as follows:
(1) Failure to provide an adequately safe traffic control system at a major intersection;
(2) By having designed and in operation a deceptive control system that required more than the care and observance of an ordinary or average standard of perception and judgment;
(3) By failing to shield a conflicting traffic signal not intended for use by facing or approaching traffic, to avoid `signal' reaction by motor vehicle operators being confronted by conflicting color signals;
(4) By failure to properly locate the traffic signals within the intersection;
(5) By requiring the motorist to negotiate the intersection only after having read a sign of instruction that was not adequately lighted or positioned to attract attention at all times;
(6) By failure to have installed an engineeringly sound traffic control system;
(7) By permitting the use of a traffic control system leading to the entrapment into violation under usual and ordinary driving habits."
Counsel for appellant did not favor the Court with a brief in this matter either before or since the trial. However, considering the law of this state regarding the immunity accorded State, Parish, Municipal and governmental bodies and officials *879 generally, it appears to the Court that the judgments of the Court a quo dismissing the appellees from plaintiff's demands are correct. This immunity is generally recognized in our law. In the case of Terrill v. ICT Insurance Co., 93 So.2d 292 (La.App.1957), litigation as here, involving a traffic light, the Court stated:
"The Lower Court correctly maintained the exception of the City of Oakdale under the theory that the erection and maintenance of traffic lights is a governmental function as distinguished from a proprietary function, and a municipality cannot be held accountable or liable for any damages resulting therefrom. This theory has been maintained in Floyes, for Use and Benefit of Floyes v. City of Monroe, La.App., 194 So. 102; Howard v. City of New Orleans, 159 La. 443, 105 So. 443; Prunty v. City of Shreveport, 223 La. 475, 66 So.2d 3, as well as many other cases. See also Tolliver v. City of Newark, 145 Ohio St. 517, 62 N.E.2d 357, 161 A.L.R. 1391; Auslander v. City of St. Louis, 332 Mo. 145, 56 S.W.2d 778; Kirk v. City of Muskogee, 183 Okl. 536, 83 P.2d 594."
In 1960, Article 3, Section 35 of the Louisiana Constitution was amended so as to abrogate this immunity in cases where the Legislature waived:
"[B]y special or general laws or resolutions, the immunity from suit and from liability of the state and of parishes, municipalities, * * * and each authorization by the Legislature for suit against the State or other such public body, heretofore and hereafter enacted or granted, shall be construed to be and shall be effective and valid for all purposes, as of and from the date thereof, as a waiver of the defendant's immunity both from suit and from liability. * * *"
An authoritative interpretation of the effect of this amendment is found in Hamilton v. City of Shreveport, 247 La. 784, 174 So.2d 529 (1965) in which the Louisiana Supreme Court held that where there has been a legislative waiver of immunity such waiver applies to both governmental and proprietary functions of the state and its sub-divisions:
"* * * it is obvious that the argument of counsel for the defendant that the Legislature, in proposing the amendment at issue and the people in adopting it, only intended to waive the immunity of the state and its subdivisions from tort actions resulting from their proprietary activities and not to waive the traditional immunity of the state and its subdivisions in actions founded on the tortious conduct of its officers and employees when functioning in a governmental capacity, is clearly without merit * * *."
Nonetheless, there necessarily must be a waiver of immunity for liability to obtain and we have not been directed to any legislative enactments importing a waiver of this immunity or conferring upon a litigant the right to so sue the Parish of Jefferson or its officials in tort.
We have observed the provisions of the act of the Louisiana Legislature of 1825, creating the Parish of Jefferson, Article 14, Section 3(c) of the Louisiana Constitution, authorizing the adoption of a Home Rule Charter by the Parish of Jefferson, and the Home Rule Charter of the Parish of Jefferson without discovering the required waiver. Section 2-45.1 of the Code of Ordinances of Jefferson Parish provides as follows:
"The legal department shall defend any and all suits instituted against the Jefferson Parish Council, the Parish of Jefferson, its departments, agencies, districts and/or officers. (Ord. No. 4845, § 2, 12-29-60)."
But this is qualified by the language of Section 2-45.4, which provides:
"The enactment of this ordinance (sections 2-45-2-45.2) shall not be construed *880 as a waiver or abandonment of any right or defense that the Jefferson Parish Council, the Parish of Jefferson, its departments, agencies, districts and/or officers may have in connection with any immunity from suits established or provided for by the constitution or laws, past, present and future. (ord. No. 4845, § 5, 12-29-60)."
It will be noted from the allegations of the pleadings quoted above that there is no basis upon which to hold Carl Bordelon, the Traffic Engineer of the Parish of Jefferson, liable in this matter. So far as he is concerned, as a government official, he must be shown to have acted without the scope of his authority or in bad faith in the performance of his duties. This is not set forth in plaintiff's pleadings. We are of the opinion that this defendant is likewise immune from personal liability to the plaintiff herein and that the judgments of the Court a quo maintaining the exceptions of no cause of action filed by the defendants-exceptors dismissing the suits of the plaintiff against them should be affirmed.
Therefore for the foregoing reasons the judgment of the Court a quo rendered on the 14th day of April 1966 in cause #94122 of the docket of the 24th Judicial District Court, dismissing the suit of Mrs. Patricia Lee Sherwood, widow of Edmond P. Snell, against the defendants, Parish of Jefferson and Carl Bordelon, Traffic Engineer for the Parish of Jefferson, and the judgment of the Court a quo rendered on the 14th day of April, 1966, in cause #94123 of the docket of the 24th Judicial District Court, dismissing the suit of the plaintiff, Mrs. Patricia Lee Sherwood, widow of Edmond P. Snell, against the defendants, Parish of Jefferson and Carl Bordelon, its Traffic Engineer, are affirmed. This judgment shall be entered of record in both cases and costs of this Court shall be borne by plaintiff-appellant.
Affirmed.