MILLER, Judge
(dissenting).
The Louisiana Supreme Court has not ruled that the doctrine of governmental immunity applies to the failure of a municipality to place barriers or signs to warn or protect the traveling public of a hazard. On the contrary the Supreme Court held that a municipality must properly warn the public of unusual conditions in the road.
“The municipality is not more emancipated from liability in cases of this kind than the private individual.” Allen v. Town of Minden, 127 La. 403, 53 So. 666 (1910).
See also Carlisle v. Parish of East Baton Rouge, 114 So.2d 62 (La.App. 1 Cir. 1959); Clinton v. City of West Monroe, 187 So. 561 (La.App. 2 Cir. 1939); Weil v. Alexandria, 7 La.App. 387 (2 Cir. 1928).
Where a municipality is charged with negligence relating to improper signing, should we apply the doctrine of governmental immunity or the well recognized exception that a municipality is liable for negligence in failing to keep its streets and sidewalks in a reasonably safe condition for travel? I would apply the exception to the rule of governmental immunity.
The majority notes that the common law doctrine of sovereign immunity is firmly entrenched in Louisiana law. But the exception to this doctrine is also recognized in Louisiana, and the exception is here applicable. In Howard v. City of New Orleans, 159 La. 443, at 448, 105 So. 443, at 444 (1925) the Supreme Court acknowledged the
“ * * * universally recognized principle that a municipality is liable for negligence in failing to keep its streets and sidewalks in repair, or in reasonably safe condition for travel.”
Cited in support of this rule were O’Neill v. City of New Orleans, 30 La.Ann. 220, 31 Am.Rep. 221; Cline v. Crescent City R. Co., 41 La.Ann. 1031, 6 So. 851; Buechner v. City of New Orleans, 112 La. 599, 36 So. 603, 66 L.R.A. 334, 104 Am.St.Rep. 455; Lorenz v. City of New Orleans, 114 La. 802, 38 So. 566; Weinhardt v. City of New Orleans, 125 La. 351, 51 So. 286; Smith v. City of New Orleans, 135 La. 980, 66 So. 319; Nessen v. City of New Orleans, 134 La. 455, 64 So. 286, 51 L.R.A. (N.S.) 324.
It is acknowledged that Snell v. Stein, 201 So.2d 876 (La.App. 4 Cir. 1967) requires the result reached in our majority opinion. But the doctrine of the Snell case has not been approved by the Louisiana Supreme Court. It is interesting to note that only one case was cited in Snell to support the holding that a municipality is immune from suit for negligence relating to improper signs. 201 So.2d 876, at 879. That case was Terrill v. ICT Insurance Co., 93 So.2d 292 (La.App. 1 Cir. 1957).
In the Terrill case a city was held immune from suit for alleged negligence related to a defective traffic signal. Louisiana authorities cited were Prunty v. City of Shreveport, 223 La. 475, 66 So.2d 3 (1953); Howard v. City of New Orleans, 159 La. 443, 105 So. 443 (1925); and Floyes, for Use and Benefit of Floyes v. City of Monroe, 194 So. 102 (La.App. 2 Cir. 1940). None of these cases involved the obligation of a municipality to keep its streets in a reasonably safe condition for travel.
That government is above the law is a notion that is hardly consistent with the doctrine of supremacy of law which has so long been taken as a basic tenet in our democratic faith. Fordham and Pegues “Local Government Responsibility in Tort in Louisiana”, 3 La.L.Rev. 720.
Our basic governmental philosophy is totally opposed to that which would logically give rise to such undemocratic dogma as the doctrine of governmental immunity. There is nothing in the U. S. Constitution which compels such a result, and much therein which would indicate the opposite conclusion. Pugh, “Doctrine of Soverin Immunity”, 13 La.L.Rev. 476, at 485.
*211 The doctrine of governmental immunity is an anachronism with little practical basis in this age when liability insurance is universally available. The doctrine should therefore be construed most conservatively, and limited rather than extended. See Carlisle v. Parish of East Baton Rouge, 114 So.2d 62 at 67, 68. (La.App. 1 Cir. 1959).
The common law doctrine of sovereign immunity should not be extended to cases where a municipality is charged with negligence in improper signing a dangerous intersection. The trial court’s judgment sustaining the exception of no cause of action should be reversed.
I respectfully dissent.